**Lawson Kelechi ECHETA, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 01–15–00557–CR**

Court of Appeals of Texas,
Houston (1st Dist.).

Published order issued August 30, 2016

the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf," while the indigent "is forced to shift for himself." *Id.* at 358, 83 S.Ct. at 817. "The indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal." *Id.*

---

**12.** *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

**13.** *Smith*, 528 U.S. at 273, 120 S.Ct. at 757 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987)).

**14.** *Cf. Douglas v. People of State of Cal.*, 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963) ("Any real chance" an indigent defendant "may have had of showing that his appeal has hidden merit is deprived him when the court decides on an ex parte examination of the record that the assistance of counsel is not required."). Such an approach would deprive appellant of "that equality demanded by the Fourteenth Amendment where

**15.** *Banks*, 341 S.W.3d at 431–32 (citing *Wilson v. State*, 40 S.W.3d 192, 198–99 (Tex. App.–Texarkana 2001, no pet.)).

**16.** *Wilson*, 40 S.W.3d at 199.

Alan Curry, Devon Anderson, for the State of Texas.

Lawson Kelechi Echeto, pro se.

Angela L. Cameron, for Lawson Kelechi Echeto.

Panel consists of Justices Jennings, Massengale, and Huddle.

## ORDER STRIKING *ANDERS* BRIEF

Michael Massengale, Justice

Appellant Lawson Kelechi Echeta was found guilty by a jury of the misdemeanor offense of resisting arrest.[1] The trial court assessed punishment at 70 days' imprisonment in county jail with 70 days credited as time served. Appellant timely filed a notice of appeal.

The appointed appellate counsel has filed a motion to withdraw from the appeal, along with an *Anders* brief in which she opines that no valid grounds for appeal exist and that the appeal is frivolous.[2] Appellant filed a pro se response. The State waived its opportunity to file a response brief.

We will strike the *Anders* brief and permit appointed counsel to file a new brief.

A proper *Anders* brief "reflects the fact that the appointed attorney has adequately researched the case before requesting to withdraw from further representation."[3] An *Anders* brief is appropriate only when the attorney has "mastered the record and the evidence" and she determines that there "are no sustainable grounds for appeal."[4] "It sets out the attorney's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record."[5] The *Anders* brief "also provides the client with citations to the record if he wishes to exercise his right to file a pro se brief."[6] In sum,

---

1. *See* Tex. Penal Code § 38.03(a).

2. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

3. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim.App.2008).

4. *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

5. *Id.* (citing *Schulman*, 252 S.W.3d at 407); *see also Smith v. Robbins*, 528 U.S. 259, 281, 120 S.Ct. 746, 762, 145 L.Ed.2d 756 (2000) ("Counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case."); *Kelly v. State*, 436 S.W.3d 313, 318 (Tex.Crim.App.2014) ("The purpose of the *Anders* brief is to satisfy the appellate court that the appointed counsel's motion to withdraw is, indeed, based upon a conscientious and thorough review of the law and facts . . . .").

6. *Banks*, 341 S.W.3d at 430 (citing *Schulman*, 252 S.W.3d at 407–08). This aspect of the *Anders* brief is particularly important to criminal appellants in Texas because they are guaranteed the right to have assistance of counsel on direct appeal, but not for postconviction habeas corpus petitions. *See generally Trevino v. Thaler*, —— U.S. ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) (discussing Texas procedures available to raise ineffective assistance of counsel claims); *Ex parte Garcia*, 486 S.W.3d 565, 572 (Tex.Crim. App.2016) (Alcala, J., dissenting) ("Although Texas has provided a vehicle—an application for a writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure—for presenting complaints about the effectiveness of trial counsel, the problem is that indigent defendants have no right to counsel at that juncture.").

counsel's "obligation to the appellate courts is to assure them, through the mechanism of an *Anders* brief, that, after thorough investigation and research," the request is "well founded."[7]

 The *Anders* brief filed in this appeal fails to assure this court that appointed counsel adequately investigated the case to professionally evaluate whether there are any nonfrivolous appellate issues.[8] The *Anders* brief affirmatively states:

It is a concern trial counsel did not file a motion for discovery, a motion for disclosure of the State's experts, or a request for notice of the State's intent to use prior bad acts for either impeachment, punishment, or under Tex. R. Evid. 404. However *the record is not sufficient to prevail* on a claim of ineffective assistance of counsel for failing to file motions.

(Emphasis supplied.) After reciting the black-letter law relating to ineffective assistance of counsel, the *Anders* brief continues:

Mr. Echeta cannot meet the first *Strickland* prong as *the record is silent* regarding trial counsel's decision not to file pretrial motions. *No motion for new trial was filed.* Without evidence of counsel's reasons for the challenged conduct, an appellate court "commonly will assume a strategic motivation if any can possibly be imagined," and will not conclude the challenged conduct constituted deficient performance unless the conduct

was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim.App.2001); *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App.1999). Echeta also cannot meet the harm prong of *Strickland* because *the record is silent* on what evidence had been made available to counsel prior to trial. Without knowing what information counsel had prior to trial, Echeta cannot prove the failure to file motions prejudiced him.

(Emphasis supplied.) The *Anders* brief thus identifies a "concern" about the constitutional effectiveness of trial counsel. Yet it relies on the "silent" record and the absence of any motion for new trial to conclude that any appeal would be *unsuccessful* because of inadequacies in the record as appellate counsel found it, rather than concluding based on a full investigation that an appeal based on ineffective assistance of counsel would be *frivolous.*

 The rules of appellate procedure provide that a defendant may file a motion for new trial "no later than 30 days after" the date when a trial court imposes a sentence in open court.[9] The time period for filing a motion for new trial is a "critical stage of the proceedings" and "a defendant has a constitutional right to counsel during that period."[10] This is because a motion for new trial can be necessary to facilitate a meaningful appeal by adducing facts not otherwise in the record.[11] There is a rebuttable presumption that trial coun-

---

7. *Schulman*, 252 S.W.3d at 407; *see also McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (observing that an *Anders* brief must demonstrate the appointed lawyer has "fully performed" her duty to support her client's appeal to the best of her ability).

8. *See McCoy*, 486 U.S. at 439, 108 S.Ct. at 1902; *Schulman*, 252 S.W.3d at 407.

9. Tex. R. App. P. 21.4(a).

10. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim.App.2007).

11. *See id.* at 910; Tex. R. App. P. 21.2; George E. Dix & John M. Schmolesky, 43A Texas Practice: Criminal Practice and Procedure § 50:1 (3d ed. 2011). The "motion-for-new-trial 'vehicle'" for ineffective assistance claims has been recognized to be "often inad-

sel continued to represent the defendant during this critical stage.[12] However, that presumption does not apply in this case.

The judgment of conviction in this case was imposed and filed on June 9, 2015. Appellant's appointed trial counsel filed a form notice of appeal. Trial counsel indicated on the form that he moved to withdraw (as opposed to the other option on the form, which would have advised the court that counsel would continue to represent the defendant on appeal). C.R. 34. The form included an order, on which the trial judge indicated that the motion to withdraw was granted. C.R. 35. The form also included an "Oath of Appointed Attorney on Appeal," which was sworn and subscribed by appointed appellate counsel. C.R. 36. Each aspect of this three-page form indicates that it was signed and filed on the same day, June 12, 2015, the third day after the judgment of conviction was entered. C.R. 34–36.

The *Anders* brief makes repeated reference to the fact that no motion for new trial was filed and that this means that there is no evidence to either support or negate a claim for ineffective assistance of counsel. However, investigating and undertaking the necessary procedural steps to supplement the record with such evidence, if it exists and supports a nonfrivolous claim for relief, is one of appellate counsel's duties as part of the "conscientious examination" of the appeal,[13] including a "due diligence investigation" on behalf of the client.[14]

For 26 days of the 30-day period to file a motion for new trial, the only lawyer representing appellant was the lawyer appointed to handle the appeal. The *Anders* motion does not describe any investigation of potential grounds to file a motion for new trial (such as by discussing the issue with trial counsel[15]), nor does it provide

equate" in Texas procedure "because of time constraints and because the trial record has generally not been transcribed at this point." *Trevino*, 133 S.Ct. at 1918 (citing *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex.Crim.App. 1997) (en banc)). However, because Texas procedure does not guarantee appointed counsel to more fully develop a postconviction habeas corpus claim, it is particularly important to a criminal defendant that he receive his constitutionally guaranteed representation during the critical postjudgment period, including investigation of potential ineffective assistance claims. *See Ex parte Garcia*, 486 S.W.3d 565, 572 (Tex.Crim.App.2016) (Alcala, J., dissenting) ("Although Texas has provided a vehicle—an application for a writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure—for presenting complaints about the effectiveness of trial counsel, the problem is that indigent defendants have no right to counsel at that juncture.").

12. *Cooks*, 240 S.W.3d at 911; *see also Oldham v. State*, 977 S.W.2d 354, 362–63 (Tex.Crim. App.1998).

13. *Anders*, 386 U.S. at 741, 87 S.Ct. at 1399.

14. *Schulman*, 252 S.W.3d at 407.

15. *See* ABA Criminal Justice Standards for the Defense Function 4-9.3(a) (4th ed. 2015), http://www.americanbar.org/groups/criminal_ justice/standards/DefenseFunctionFourth Edition.html ("Appellate defense counsel should seek the cooperation of the client's trial counsel in the evaluation of potential appellate issues."). The ABA *Criminal Justice Standards for the Defense Function* "may be relevant in judicial evaluation of constitutional claims regarding the right to counsel," *id.* at 4–1.1(b), and they have had particular influence on courts evaluating the duty of counsel to investigate in the context of ineffective assistance of counsel claims. *See* Ellen S. Podgor, *The Role of the Prosecution and Defense Function Standards: Stagnant or Progressive?*, 62 Hastings L.J. 1159, 1171 & n.74 (2011) (collecting cases). The ABA *Standards* are "not binding" on the courts as definitive statements of professional standards applicable to criminal defense counsel. *Ex parte La-Hood*, 401 S.W.3d 45, 50 (Tex.Crim.App. 2013); *see also Bobby v. Van Hook*, 558 U.S. 4, 14, 130 S.Ct. 13, 20, 175 L.Ed.2d 255 (2009) (Alito, J., concurring). That said, "as guides to

reasons why no motion for new trial was filed.[16] The motion does not contend that a claim of ineffective assistance would be frivolous, only that it would be unsuccessful due to alleged procedural deficiencies. Accordingly, this court has no assurance that appellate counsel has conducted the "thorough investigation" required by the *Anders* standard.[17]

The *Anders* procedure is designed to protect an indigent defendant's constitutional right to counsel on direct appeal.[18] Accordingly, even if the court's independent review of the cold record as it stands would not identify a nonfrivolous ground for appeal, in the absence of a proper *Anders* brief reflecting an appropriately "conscientious examination" we could not conclude that an attorney who did perform the necessary evaluation, which necessarily transcends the sterile style of review conducted by the court, likewise would find any appeal to be frivolous.[19]

Not all *Anders* briefing errors require appointment of new counsel. This court previously has held that counsel should be afforded the opportunity to re-brief to address the deficiencies in the brief in the event of "errors in form, which occur principally when an attorney discloses potential grounds for appeal but fails to provide a professional evaluation of the record by citing applicable law and evidence."[20] We conclude that the deficiencies of the *Anders* brief in this case are form errors of this variety. Accordingly, we strike the *Anders* brief and order that appointed counsel file a new brief.

Justice Jennings, dissenting.

determine prevailing professional norms," the United States Supreme Court and the Texas Court of Criminal Appeals both have referenced them in the context of ineffective assistance of counsel claims. *See LaHood*, 401 S.W.3d at 50; *see also Williams v. Taylor*, 529 U.S. 362, 396, 120 S.Ct. 1495, 1514–15, 146 L.Ed.2d 389 (2000); *Ex parte Briggs*, 187 S.W.3d 458, 467 & n. 22 (Tex.Crim.App. 2005).

16. *See* ABA Criminal Justice Standards for the Defense Function 4-9.2(b) (4th ed. 2015), http://www.americanbar.org/groups/criminal_justice/standards/DefenseFunctionFourth Edition.html ("When evaluating the case for appeal, appellate defense counsel should consider all issues that might affect the validity of the judgment of conviction and sentence, *including any that might require initial presentation in a trial court.*" (emphasis supplied)).

17. *Schulman*, 252 S.W.3d at 407.

18. *Smith*, 528 U.S. at 273, 120 S.Ct. at 757 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987)).

19. *Cf. Douglas v. People of State of Cal.*, 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963) ("Any real chance" an indigent defendant "may have had of showing that his appeal has hidden merit is deprived him when the court decides on an ex parte examination of the record that the assistance of counsel is not required."). Such an approach would deprive appellant of "that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf," while the indigent "is forced to shift for himself." *Id.* at 358, 83 S.Ct. at 817. "The indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal." *Id.*

20. *Banks*, 341 S.W.3d at 431–32 (citing *Wilson v. State*, 40 S.W.3d 192, 198–99 (Tex. App.–Texarkana 2001, no pet.)).