COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Derick Bell v. The State of Texas

Appellate case number:    01-16-00774-CR

Trial court case number:   1476651

Trial court:                       262nd District Court of Harris County

After a jury trial, appellant, Derick Bell, was convicted of the first-degree-felony offense of aggravated robbery with a deadly weapon. Appellant's appointed counsel has filed a motion to withdraw, and she has filed an *Anders* brief suggesting that the appeal presents no meritorious issues for review.

The judgment of conviction by jury in this case was entered on September 21, 2016. CR 91. On the next day, September 22, appointed trial counsel was permitted to withdraw, CR 95, and the current appointed lawyer simultaneously was appointed to handle the appeal, CR 97. The record thus shows that the appointed appellate lawyer effectively has been appellant's only lawyer during the entire post-judgment period, during which time any motion for new trial would be filed. Tex. R. App. P. 21.4(a).

The *Anders* brief filed by appointed appellate counsel, in the course of evaluating the effectiveness of *trial counsel*, observes that "trial counsel did not present any evidence on punishment." Br. at 8-9. The brief goes on to note: "The reason for trial counsel's failure to put on mitigation evidence is not known. Where, as here, there is no proper evidentiary record developed as to trial counsel's reasoning, ineffectiveness cannot be sustained." Br. at 9.

This reasoning does not establish that an ineffectiveness claim would be *frivolous*. Instead, it suggests that a claim of ineffectiveness by the trial lawyer might be *unsuccessful* on direct appeal, because the appellate lawyer did not know the reason for trial counsel's failure to present mitigation evidence, and because the appellate lawyer failed to develop a "proper evidentiary record" as to trial counsel's reasoning. Br. at 9. Investigating and undertaking the necessary procedural steps to supplement the record with such evidence, if it exists and supports a non-frivolous claim for relief, is one of appellate counsel's duties as part of the "conscientious examination" of the appeal,

including a "due diligence investigation" on behalf of the client. *Echeta v. State*, No. 01-15-00557-CR, 2016 WL 4535815, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no pet.).

Appointed appellate counsel affirmatively relied on the absence of a "proper evidentiary record" to justify withdrawal, *see* Br. at 9, but she herself was the only lawyer representing the appellant who could have created such a record, if it were justified. An appointed appellate lawyer cannot rely entirely on a procedural circumstance that was entirely under her own control (here, the unexplained failure to file a motion for new trial) to demonstrate that an appeal would be frivolous. *See Echeta*, 2016 WL 4535815.

The motion to withdraw filed by appellant's appointed appellate lawyer is **GRANTED**. The clerk is further ordered to **STRIKE** the *Anders* brief, and remand the case to the trial court for the appointment of a new appellate lawyer. The trial court clerk is directed to file a supplemental clerk's record containing the orders of the trial court, with this court **no later than 20 days from the date of this order**. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed with the clerk of this court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ <u>Michael Massengale</u>
           ☒ Acting individually     ☐ Acting for the Court


Date: <u>March 16, 2017</u>