**Order filed August 3, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00427-CV
_____

## IN THE INTEREST OF C.W., D.T., J.T., AND A.T., CHILDREN

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 88637-F**

## ORDER

Appellant's appointed counsel, **Faye Gordon**, filed a brief which she designates as an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967); *In re D.E.S.*, 135 S.W.3d 326, 329–30 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying *Anders* procedures to a parental-termination case). To comply with *Anders*, counsel must do the following:

(1) Either (a) advance contentions which might arguably support the appeal, but, in the attorney's professional opinion are frivolous; or (b) present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

(2) File a copy of the transmittal letter to their client accompanying a

copy of the *Anders* brief in which they inform appellant of the right to file a pro se brief and obtain a copy of the record by filing a motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

The *Anders* procedure balances an indigent parent's constitutional right to appointed counsel on appeal and counsel's obligation not to prosecute frivolous appeals. *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016). Arguments which may support an appeal must be disclosed by appointed counsel. *See Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order). Appointed counsel should identify potential arguments, explain the ground, and cite to applicable legal authority and pertinent evidence. *Id.* at 431. An issue which is arguable on the merits is, by definition, not frivolous. *Sam v. State*, 467 S.W.3d 685, 687 (Tex. App.—Houston [14th Dist.] 2015, order). Appointed counsel may not simply justify the contention that the potential error is not an arguable ground with a conclusory statement that no grounds for appeal exist. *Banks*, 341 S.W.3d at 431.

Counsel's brief contains a conclusory statement that "the appeal is frivolous and without merit and that the record reflects no reversible error or grounds upon which an appeal . . . can be fairly predicated." Counsel then advances three contentions which might arguably support the appeal. In her analysis of those contentions, counsel does not explain why they are frivolous or without merit. Rather, counsel contends the trial court's judgment is not supported by legally or factually sufficient evidence as to the termination grounds under Texas Family Code section 161.001(b). Further, the *Anders* brief also requests reversal of the trial court's judgment.

Additionally, counsel has not provided the court with a transmittal letter, accompanied by a copy of counsel's *Anders* brief, notifying appellant of her right

to file a pro se brief and obtain access the appellate record which includes a form motion for pro se access to the appellate record. A copy of the form motion is attached.

Accordingly, we conclude counsel has not filed a brief in compliance with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). *See In re D.E.S.*, 135 S.W.3d 326, 329–30 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying *Anders* procedures to a parental termination case). Finally, the brief discloses the name of a minor's parent or other family member in a parental-termination case. *See* Tex. R. App. P. 9.8.

We strike appellant's brief and order appellant's counsel to file a brief on the merits or an *Anders* brief that provides a professional evaluation of the issues and explanation of why the issues are frivolous **within 5 days of the date of this order**. *See Echeta v. State*, 510 S.W.3d 100, 105 (Tex. App.—Houston [1st Dist.] 2016, order) (providing appointed counsel the opportunity to file a new brief in the event of an error in form due to counsel disclosing potential grounds for appeal but failing to provide a professional evaluation). Appellant's brief must comply with Texas Rule of Appellate Procedure 9.8 (an alias should be used to identify the child and the child's family in an appeal arising out of a parental-termination case). Additionally, if counsel files another *Anders* brief, counsel must comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) as discussed herein. If counsel fails to file a brief within 5 days of this order, we will order the trial court to conduct a hearing related to the appointment of new counsel. All future filings by any party must comply with Texas Rule of Appellate Procedure 9.8 or are subject to being stricken.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.

Return to:

Fourteenth Court of Appeals
301 Fannin, Room 245
Houston, TX 77002

NO. 14-__-_____-CV

| | | |
|---|---|---|
| _____ | § | COURT OF APPEALS |
| v. | § | 14TH DISTRICT |
| The State of Texas | § | HOUSTON, TEXAS |

<u>**Pro se Motion for Access to Appellate Record**</u>

**To the Honorable Justices of Said Court:**

On _____ [attorney to fill in date], appellant's appointed counsel filed a brief in the above styled and numbered cause pursuant to Anders v. California, 386 U.S. 738 (1967).

_____, appellant, moves this court to provide him/her access to a copy of the appellate record including the clerk's record and the court reporter's record.

Respectfully submitted,


_____
Pro se Appellant