

# NUMBER 13-17-00675-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**FLORENTINO AGUILAR, JR.,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                             **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

# ORDER

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Order Per Curiam**

Florentino Aguilar, Jr., appeals his conviction for possession of a controlled

substance. Appellant's appointed counsel has filed a motion to withdraw and, what she

purports to be, an *Anders* brief. Appellant's Counsel does not refer to the record or cite appropriate authority supporting her contention that the appeal is frivolous. Aguilar has filed a pro se response arguing that this court should consider and review State's exhibit one and two in the reporter's record.

If appointed appellate counsel finds the case to be wholly frivolous, after a conscientious examination of the record, she should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). Under Texas case law, appellate counsel filing an *Anders* brief must provide the reviewing court with a professional evaluation of the record demonstrating why there are no arguable issues to be advanced. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)). This evaluation requires not only that counsel refer the court to anything in the record that might arguably support the appeal, *citing applicable legal authorities*, but it also requires appellate counsel to discuss the evidence introduced at trial and provide the reviewing court with ready references to the record. *Stafford v. State*, 813 S.W.2d 503, 510 at n.3 (Tex. Crim. App. 1991) (emphasis added). If counsel's brief does not comply with the requirements of *Anders* and its progeny, appellate courts will strike the brief and order appellate counsel to file a new brief. *Echeta v. State*, 510 S.W.3d 100, 105 (Tex. App.—Houston [1st Dist.] 2016) (order).

Counsel's brief raises six potential issue but virtually no legal authority and no citations to the record for her conclusory allegations that no harmful evidentiary or procedural error is apparent, trial court counsel appears to meet the minimum standards

2

of effective assistance of counsel, and that there is sufficient evidence to support the jury's verdict. Counsel's brief contains no analysis or explanation of the validity of the indictment, the sufficiency of the evidence, the admissibility of the evidence of appellant's guilt, the validity of the punishment assessed, or whether appellant received effective assistance of counsel at trial. *See Echeta*, 510 S.W.3d at 103 ("An Anders brief is appropriate only when the attorney has 'mastered the record and the evidence' and she determines that there 'are no sustainable grounds for appeal.'"); *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("It sets out the attorney's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record[,]" and "provides the client with citations to the record if he wishes to exercise his right to file a pro se brief."). Appellate counsel's obligation to the appellate courts is to assure them, through the mechanism of an *Anders* brief, that, after thorough investigation and research, the request is well founded." *In re Schulman,* 252 S.W.3d at 407. The purpose of this requirement is to convince the appellate court that counsel has "devoted serious attention to the potential ground for appeal before dismissing it as frivolous." *Banks*, 341 S.W.3d at 431.

For the foregoing reasons, we STRIKE counsel's brief as inadequate. *See id.* (Counsel should "point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why appellant was not harmed by the ruling of the court."). We order appellate counsel to file, within thirty days of the date of this order, an amended brief in compliance with the applicable law cited herein. The State's brief will be due twenty-five days after counsel files

appellant's amended brief. After the parties have re-briefed the appeal, this court will schedule the case for submission.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of March, 2019.