**Order filed October 6, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00675-CV
_____

## IN THE INTEREST OF D.L.C., A CHILD

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2020-01658J**

## ORDER

Appellant's appointed counsel filed a brief on behalf of the mother of the child in this case, which she designated as an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *In re D.E.S.*, 135 S.W.3d 326, 329–30 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying *Anders* procedures to a parental-termination case). To comply with *Anders*, counsel's brief must contain a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). This evaluation requires not only that counsel refer the court to anything in the record that might arguably support the appeal, citing legal authorities, but it also requires counsel to discuss the evidence introduced at trial, which entails providing the reviewing court with

1

references to the record. *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); *see also In re N.F.M.*, 582 S.W.3d 539, 544 (Tex. App.—San Antonio 2018, pet. denied).

If counsel determines that the record will not support any reversible grounds on appeal, counsel must nonetheless identify anything in the record that might arguably support the appeal. *Stafford*, 813 S.W.2d at 509; *see also Banks v. State*, 341 S.W.3d 428, 430–31 (Tex. App.—Houston [1st Dist.] 2009, order). Counsel should identify potential arguments, explain the potential grounds for appeal, and cite to applicable legal authority and pertinent evidence. *See Banks*, 341 S.W.3d at 431. Appointed counsel may not justify the contention that the potential error is not an arguable ground with a conclusory statement that no grounds for appeal exist. *Id.* (citing *In re Schulman*, 252 S.W.3d 403, 406–07 (Tex. Crim. App. 1991)).

Counsel contends in her brief that she has made a professional evaluation of the record, that there are no arguable grounds for appeal, and that the appeal is wholly frivolous. Counsel contends that "the evidence in this case is substantially the same as the evidence already considered by this Court in cause number 14-22-00258-CV" and that the "evidence against the mother pertaining to subsection (E) has already been examined by this Court." Counsel addresses only the subsection (E) predicate ground for termination and no others—subsections (D), (N), or (O). In the analysis of the subsection (E) endangerment finding, counsel refers only to what this court "found" in the opinion for case number 14-22-00258-CV without referring to specific evidence contained in the record for this case.

In case number 14-22-00258-CV, regarding the termination of mother's parental rights to another child, this court relied heavily on an affidavit contained in an exhibit. *See In re Z.K.S.*, No. 14-22-00258-CV, 2022 WL 4243793, at *1–3, *5 (Tex. App.—Houston [14th Dist.] Sept. 15, 2022, no pet. h.) (noting that "much of

the evidence [of endangerment] was admitted through the Department employee's affidavit"). However, our review of the record in this case, number 14-22-00675-CV, does not appear show that the same or similar affidavit was admitted into evidence. *See* R.R. Vol. 5. Thus, it does not appear to this court that "the evidence in both cases is substantially the same as the evidence already considered by this Court" nor that the evidence in this case "pertaining to subsection (E) has already been examined by this Court."

Because it does not appear from counsel's brief that counsel has made a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, we conclude that counsel has not filed a brief in compliance with the requirements of *Anders v. California*, 386 U.S. 738 (1967).

We strike appellant's brief and order appellant's counsel to file **on or before October 17, 2022** (1) a brief on the merits addressing each of the predicate grounds for termination or (2) an *Anders* brief that provides a professional evaluation of the issues and an explanation of why the issues are frivolous. *See In re N.F.M.*, 582 S.W.3d at 545–46 (ordering counsel to file a redrawn brief when the brief did not contain a professional evaluation of the record demonstrating why there were no arguable grounds to be advanced); *see also Echeta v. State*, 510 S.W.3d 100, 105 (Tex. App.—Houston [1st Dist.] 2016, order) (same). If counsel files another *Anders* brief, counsel must comply with the requirements of *Anders v. California* as discussed herein. If counsel fails to file a brief or files an *Anders* brief that does not comply with the requirements discussed herein, we may order the trial court to conduct a hearing related to the appointment of new counsel.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.