**Christopher Dwayne BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–08–00286–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 5, 2009.

**430**

Patricia Fortney Sedita, Sugar Land, for Appellant.

Alan Curry, Houston, for Appellee.

Panel consists of Justices KEYES, ALCALA, and HANKS.

## ORDER

EVELYN V. KEYES, Justice.

A jury convicted appellant, Christopher Dwayne Banks, of aggravated robbery.[1] The trial court assessed punishment at imprisonment for fifteen years. Appellant's appointed appellate counsel submitted an *Anders*[2] brief identifying two potential issues for appeal: (1) factual insufficiency of the evidence and (2) ineffective assistance of counsel. The ineffective assistance argument was conclusory. Appellant's counsel simultaneously moved to withdraw and notified appellant of his right to file a *pro se* brief. Appellant responded to his counsel's *Anders* brief with a *pro se* brief that presented the same two points of error: (1)

that the evidence was legally and factually insufficient to support a finding that he was guilty of aggravated robbery beyond a reasonable doubt and (2) that he received ineffective assistance of counsel at trial. Appellant raised specific grounds in support of his ineffective assistance argument.

## *ANDERS* BRIEFS

When appointed counsel believes an appeal by a criminal defendant is frivolous, he may simultaneously file a motion to withdraw and an *"Anders"* brief. *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim. App.2008); *Anders v. California*, 386 U.S. 738, 741–42, 87 S.Ct. 1396, 1399, 18 L.Ed.2d 493 (1967). An *Anders* brief reflects the fact that the attorney adequately researched the case before deciding to withdraw. *In re Schulman*, 252 S.W.3d at 406. It sets out the attorney's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record. *Id.* at 407. It also provides the client with citations to the record if he wishes to exercise his right to file a *pro se* brief. *Id.* at 407–08. An *Anders* brief is appropriate only when the attorney has mastered the record and the evidence and he determines that there are no sustainable grounds for appeal. *Id.* If the attorney finds that the appeal does contain potentially meritorious grounds, the attorney must file a merits brief with the court. *Id.* at 407 n. 9.

If an argument could conceivably convince a court of appeals, then it must be disclosed in counsel's *Anders* brief. *Id.;* *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim.App.1991); *Wilson v. State*, 40 S.W.3d 192, 197 (Tex.App.-Texarkana

---

1. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2008).

2. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2001, no pet.). If appointed counsel determines that potential grounds for appeal exist, but that all such grounds would be frivolous, counsel must explain the potential ground for appeal and then cite to applicable legal authority and to pertinent evidence. *In re Schulman,* 252 S.W.3d at 407; *Wilson,* 40 S.W.3d at 197. Appointed counsel should "point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why appellant was not harmed by the ruling of the court." *High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App.1978). The purpose of this requirement is to convince the appellate courts that appointed counsel devoted serious attention to the potential ground for appeal before dismissing it as frivolous. *See generally In re Schulman,* 252 S.W.3d at 407–09 (stating that court of appeals will not grant motion on *Anders* brief without reviewing record carefully); *High,* 573 S.W.2d at 811 (describing importance of disclosing both legal authority and potential grounds for appeal); *Gearhart v. State,* 122 S.W.3d 459, 464 (Tex.App.-Corpus Christi 2003, pet. ref'd) (stating what must be included in *Anders* brief).

▮▮▮ Even when appointed counsel believes that there are no arguable grounds that might conceivably convince an appellate court, he must still file a brief, and that brief must direct the court of appeals to portions of the record that could have created error but did not. Appointed counsel may not justify his contention with a mere conclusory statement that no grounds for appeal exist. *In re Schulman,* 252 S.W.3d at 406–07; *see Anders,* 386 U.S. at 742, 87 S.Ct. at 1399. While the courts of appeals have a supervisory role, an appellate court should not have to pour over the record to determine whether the appointed counsel has completed a professional review of the record. *Wilson,* 40 S.W.3d at 198. Indeed, recognizing the guidance that an *Anders* brief must give to the courts of appeals, both state and federal courts have written, "[I]f done correctly, *Anders* briefs are more difficult and time-consuming than ordinary appellate briefs." *Id.* at 196 (citing *United States v. Wagner,* 158 F.3d 901, 902 (5th Cir.1998)).

▮▮▮ The purpose of a *pro se* brief is not to permit the courts of appeals to decide the case on the merits but only to alert the appellate court to any matters that the defendant believes might be arguable on the merits. *In re Schulman,* 252 S.W.3d at 409 n. 23. If, after conducting its own review of an *Anders* brief, the relevant record, and any *pro se* brief a court of appeals determines that appellate counsel did not address a potential ground for appeal, and the appellate court believes that this ground for appeal meets the low threshold requirement for disclosure, the court "will: (1)grant the original attorney's motion to withdraw; and (2) abate the case and send it back to the trial court to appoint a new attorney with directions to file a merits brief." *Id.* at 409; *see also Stafford,* 813 S.W.2d at 511 (stating that if court of appeals does find arguable grounds, it must then guarantee appellant's right to counsel by ensuring that another attorney is appointed to represent appellant on appeal) (citing *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400); *Robinson v. State,* 971 S.W.2d 96, 97 (Tex.App.-Beaumont 1998, pet. ref'd) (stating that because court of appeals found "arguable point of error" court abated appeal and ordered that new counsel be appointed).

▮▮▮ However, not all errors require appointment of new counsel. *Wilson,* 40 S.W.3d at 198–99. Errors that do not require the appointment of new counsel

are errors in form, which occur principally when an attorney discloses potential grounds for appeal but fails to provide a professional evaluation of the record by citing applicable law and evidence. *Id.* at 199 "In such a situation, counsel should be afforded the opportunity to rebrief to address the deficiencies in the brief." *Id.* (citing *Stafford*, 813 S.W.2d at 510) (*Wilson* provides list of cases that were abated for procedural and substantive errors, *see Wilson*, 40 S.W.3d at 199 n. 7 and n. 9).

■ Here, appellant's counsel made only a conclusory argument for her determination that no arguable grounds for appeal apply. Specifically, in the section of her *Anders* brief devoted to the ineffective assistance of counsel, appellant's counsel did not address any potential grounds for appeal. Instead, she provided the bare conclusory statement that "[t]here is nothing in the record to indicate that but for trial counsel's performance, the outcome of the case at hand would have been different. . . ."

■ We conclude that counsel's brief is inadequate to satisfy the *Anders* requirements and that the error is one of form. Therefore, we must abate this appeal to afford appellant's counsel the opportunity to rebrief, providing a professional evaluation of the record by citing to the law and evidence. *Wilson*, 40 S.W.3d at 199.

## CONCLUSION

We deny appellate counsel's motion to withdraw, and abate the appeal. *Id.* Appellant's counsel must investigate the record and file a brief on the merits or file an *Anders* brief that provides a professional evaluation of the issues. *See In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. In the brief, counsel should discuss the matters raised in the *pro se* brief and any other grounds that might arguably support the appeal. *See*

*In re Schulman*, 252 S.W.3d at 406–08; *Stafford*, 813 S.W.2d at 511. Appellant's brief is due thirty days from the date of this order. The State's brief will be due thirty days after appellant's brief is filed. We remove this case from the submission docket.

It is so ordered.