Opinion issued March 11, 2010




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00286-CR




CHRISTOPHER DWAYNE BANKS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1089104




MEMORANDUM OPINION

          A jury convicted appellant, Christopher Banks, of aggravated robbery.


 The
trial court assessed punishment at imprisonment for 15 years. Appellant’s appointed
counsel filed an Anders brief stating that there were no arguable grounds to support
an appeal.


 Appellant filed a pro se response to his counsel’s Anders brief arguing
that: (1) the evidence was legally and factually insufficient to support a finding that
he was guilty of aggravated robbery beyond a reasonable doubt; and (2) he received
ineffective assistance of counsel at trial. 
          In November 2009, after we determined that counsel’s Anders brief did not
provide a professional evaluation of appellant’s case, we issued an order abating the
appeal, and we denied appellant’s counsel’s motion to withdraw. Banks v. State, No.
01-08-00286-CR, 2009 WL 3681687 (Tex. App.—Houston [1st Dist.] Nov. 5, 2009);
see In re Schulman, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); Stafford v. State,
813 S.W.3d 503, 511 (Tex. Crim. App. 1991). We required appellant’s counsel to file
a new brief that provided a professional evaluation of the record through citations to
the law and the evidence. Banks, 2009 WL 3681687, at *3. On December 2, 2009,
appellant’s appointed counsel filed an amended Anders brief with this Court.
          We affirm.
Background
          On the night of October 2, 2006, LaToya Johnson, the complainant, left her
mother’s house, intending to drive home. Two of the complainant’s three children
and her younger sister accompanied her. After Johnson passed a gas station, a Dodge
Durango containing appellant and three other men began to follow her. As the
complainant approached her street, the Durango pulled up next to her car. One of the
passengers in the Durango stuck a gun out of the window and began yelling at the
complainant. The complainant attempted to drive away, but the driver of the Durango
intentionally crashed into her car, forcing it into a yard belonging to an elementary
school. 
          Appellant exited the back driver’s side door of the Durango, approached the
complainant’s car, and opened her front driver’s side door. Appellant demanded that
the complainant give him all of her money, and he attempted to take the jewelry off
of her neck. During the altercation, appellant pointed a gun at the complainant’s face
and again ordered her to give him her money, purse, and other belongings. Seconds
later, appellant pointed his gun at the complainant’s eldest son and told her to
surrender her money or he would shoot her child. Appellant then took the
complainant’s purse from the backseat and returned to her. Appellant tried again to
take the complainant’s jewelry, but after this unsuccessful second attempt, he got
back into the Durango and left. 
          Following the robbery, the complainant ran home and called the police. 
Shortly after the robbery, police officers escorted the complainant to the location of
another robbery hoping she could identify one of the suspects that the officers had in
custody for that robbery as the person who had robbed her. The complainant told the
officers that the person who had robbed her was not among those in their custody. 
However, almost immediately thereafter, the complainant saw appellant riding a
bicycle. The complainant informed the officers, the officers stopped appellant, and
the complainant said she was “95%” sure he was the man who had robbed her. The
officers detained appellant, but later released him. The complainant also identified
appellant in a photo spread presented to her seven days after the robbery. An arrest
warrant was issued for appellant on October 17, 2006, he was arrested, and three days
later he appeared before a magistrate.
          At trial, the complainant identified appellant in the courtroom. The
complainant also testified that she recognized appellant on his bicycle and in the
subsequent photo lineup because she remembered his face. She admitted that, in her
initial description of the person who had robbed her, she told the police officers that
he had gold dental work, but that when the police initially detained appellant he had
no such dental work. However, appellant’s mother testified that she had purchased
a removable gold “grill” for appellant but that he had lost it in December 2005. 
          Detective R. Sherrouse, the police officer investigating the robbery, testified
that on the morning after the robbery the police recovered from a bayou a stolen
Dodge Durango that resembled the one used in robbing the complainant. Inside the
car they found property belonging to the complainant. Officers lifted fingerprints
from the Durango, and Officer J. Schraub testified that some of these fingerprints
matched those of appellant. Detective Sherrouse also testified that, on October 9,
2006, the complainant had identified appellant from a photo line up presented to her
by the police. The jury found appellant guilty of aggravated robbery.
          Appellant elected to have the judge assess punishment; the trial judge imposed
a sentence of imprisonment for 15 years. This appeal followed. The State waived its
opportunity to file an appellee’s brief. 
          Anders Procedures
          When a court of appeals receives an Anders brief, we must conduct our own
independent evaluation of the entire record. Stafford, 813 S.W.3d at 511. In this
evaluation, we consider the entire appellate record, the Anders brief, and any pro se
response that the appellant files. In re Schulman, 252 S.W.3d 403, 409 (Tex. Crim.
App. 2008) (citing Stafford, 813 S.W.2d at 510–11). We do not rule on the ultimate
merits of the issues raised by the appellant in his pro se response. Bledsoe v. State,
178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If we determine that arguable grounds
for appeal exist, we will abate the appeal and remand the case to the trial court. In re
Schulman, 252 S.W.3d at 409; see also Wilson v. State, 40 S.W.3d 192, 199 nn.7 &
9 (Tex. App.—Texarkana 2001, no pet.) (providing examples of different procedures
when Anders briefs are found to be inadequate). If, however, we determine that the
appeal is wholly frivolous, we will dismiss it. In re Schulman, 252 S.W.3d at 409.
          Counsel’s brief meets the requirements of Anders by presenting a professional
evaluation of the record, directing us to portions of the record that might arguably
support grounds for an appeal, and indicating why these grounds are inadequate. See
In re Schulman, 252 S.W.3d at 407–08. Counsel served a copy of both her original
and her amended Anders brief on appellant and informed him of his right to examine
the appellate record and of his right to file a pro se response. Appellant filed a pro
se response on October 10, 2008.


 We have reviewed the appellate record and
counsel’s Anders briefs. We conclude that no reversible error exists and that this
appeal is frivolous and without merit. See id. at 408–09. Conclusion
          We affirm the judgment of the trial court.
 



                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Keyes, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).