# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00581-CR

**Shaurisha Jenell Steele, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 51,197, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant Shaurisha Jenell Steele appeals the revocation of her community supervision for robbery. *See* Tex. Pen. Code § 29.02; Tex. Code Crim. Proc. art. 42.12, § 23. Her appointed attorney on appeal has filed a motion to withdraw indicating that he "has conscientiously examined the record and determined said appeal is wholly frivolous and without merit." In support of his motion, counsel submitted an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967).

However, within his brief counsel raises a point of error claiming that the evidence is insufficient to support the trial court's assessment of court costs in the judgment revoking community supervision and he asks this Court to modify the judgment to delete the assessment of court costs. With regard to this issue, counsel's brief contains a thorough summary of the evidence, the record, and the relevant case law. Counsel concludes his brief asserting that "[he] finds no other

arguable error in the record, and there is no other error upon which a nonfrivolous appeal might be based."

A criminal defense attorney's duty is to zealously represent the interests of his client on appeal. *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). If the appointed attorney finds the "case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* (quoting *Anders*, 386 U.S. at 744). Counsel's obligation to his client is to seek leave to withdraw as counsel. *Id.* at 407. His obligation to the appellate court is to assure the court, through the mechanism of an *Anders* brief, that, after thorough investigation, research, and review of the record, his request to withdraw is well founded. *Id.* An *Anders* brief is appropriate only when the attorney has mastered the record and the evidence and he determines that there are no sustainable grounds for appeal. *Id.* at 407–08; *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, no pet.). If the attorney finds that the appeal does contain potentially meritorious grounds, the attorney must file a merits brief with the court. *Banks*, 341 S.W.3d at 430.

Here, counsel raises what he apparently believes to be a meritorious ground for appeal but also seeks permission to withdraw. Therefore, counsel is ordered to do one of the following:

- If counsel is of the opinion that the evidence is legally insufficient to support the assessment of court costs and that the appeal has merit as to that issue, he shall file a supplemental brief on the merits of that issue.

- If counsel is of the opinion that the assessment of court costs was not erroneous and that appellant's appeal is frivolous as to that issue, he shall:

(1) deliver a copy of his brief to appellant and advise appellant of her right to examine the appellate record and to file a pro se brief or other written response; (2) certify in writing that he has complied with the foregoing requirement; and (3) file a motion to withdraw. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510–11 (Tex. Crim. App. 1991) (counsel should be afforded opportunity to rebrief to address deficiencies in form of *Anders* brief).

Counsel shall, within fifteen days from the date of this order, tender to this Court either his supplemental brief or his certification and motion to withdraw.

It is so ordered on this the 6th day of June, 2013.

Before Chief Justice Jones, Justices Goodwin and Field

Do Not Publish