

**NUMBER 13-13-00376-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

STEVEN EUGENE FOUST,                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                **Appellee.**

---

**On appeal from the 15th District Court
of Grayson County, Texas.**

---

# ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Order Per Curiam[1]

Appellant, Steven Eugene Foust, was charged by indictment with burglary of a

habitation (Count I) and assault with a deadly weapon (Count II). The case was tried to

a jury, which returned a verdict of guilty on both counts and found that appellant used or

---

[1] This case is before this Court on transfer from the Fifth Court of Appeals in Dallas pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 3d C.S. 2013).

exhibited a deadly weapon during the course of the burglary. On both counts, the jury assessed punishment at five years' imprisonment and no fine. Appellate counsel filed an *Anders* brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). We conclude, however, that the *Anders* brief is inadequate and must be amended because it did not address prominent issues appearing in the record.

An *Anders* brief can exhibit two types of deficiencies: form and substance. *Wilson v. State*, 40 S.W.3d 192, 198 (Tex. App.—Texarkana 2001, no pet.). "A brief is deficient as to form if it does not reflect a professional evaluation of the record and demonstrates that there are no arguable grounds for appeal." *Id.*; *see Gearhart v. State*, 122 S.W.3d 459, 464 (Tex. App.—Corpus Christi 2003, pet. ref'd) (discussing the requirements placed on counsel by the *Anders* procedures). "Deficiencies of form include technical violations of the *Anders* requirements . . . but also include the failure to discuss issues appearing prominently in the record." *Wilson*, 40 S.W.3d at 199. When an *Anders* brief exhibits a defect in form, "counsel should be afforded the opportunity to rebrief to address the deficiencies in the brief." *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)); *Banks v. State*, 341 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2009, order) (abating an appeal to "afford appellant's counsel the opportunity to rebrief" to address a defect of form), *disp. on the merits*, No. 01-08-00286-CR, 2010 WL 105321, at *3 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.).

Although counsel filed a brief purporting to provide a professional evaluation of the record demonstrating the absence of arguable grounds for appeal, we conclude that the brief is inadequate because it fails to address prominent issues in the record, including

2

but not necessarily limited to whether punishing appellant on both counts violates the prohibition against multiple punishments for the same offense and whether any violation is apparent on the face of the record. *See Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). We therefore strike counsel's brief and direct counsel to file an amended brief that addresses this defect of form within thirty days of the date of this Order.[2] *See Stafford*, 813 S.W.2d at 510 (observing that the court of appeals was "correct in ordering the attorney to file another brief" when the attorney filed a deficient *Anders* brief); *Banks*, 341 S.W.3d at 432; *Wilson*, 40 S.W.3d at 199 & n.7 (listing cases where courts have required counsel to rebrief to address defects in form); *see also Villarreal v. State*, No. 13-11-00747-CR, 2013 WL 1800200, at *1 n.1 (Tex. App.—Corpus Christi Apr. 25, 2013, no pet.) (mem. op.) (observing that this Court struck a previously-filed *Anders* brief for defects in form and ordered counsel to file an amended brief); *D.M. v. Tex. Dep't of Family and Protective Servs.*, No. 03-12-00826-CV, 2013 WL 839770, at *1 (Tex. App.—Austin Feb. 23, 2013, order) (same, in the context of an appeal of an order terminating appellant's parental rights), *disp. on the merits*, 2013 WL 3013875 (Tex. App.—Austin June 14, 2013, no pet.) (mem. op.).

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of May, 2014.

---

[2] We stress that we express no opinion whatsoever on the merits of this issue or the lack thereof.