COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Justin Wayne Parris v. The State of Texas

Appellate case number:    01-14-00502-CR

Trial court case number:   1352699

Trial court:                        338th Judicial District Court of Harris County

On January 13, 2015, this Court granted the *pro se* motions by the appellant, Justin Wayne Parris, to request the records be sent to him and for a 45-day extension to file his *pro se* response to his appointed counsel's *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant, acting *pro se*, has filed a second motion, dated February 20, 2015, requesting a 30-90 day extension of time to file his *pro se Anders* brief response. Appellant claims that he needs more time because, among other reasons, he only received the records on January 23, 2015, which he asserts are incomplete and requests any records on his pre-trial motion to suppress, and because he has filed a motion for the appointment of new counsel here and in the trial court.

Because appellant claims he only received the records on January 23, 2015, the Court **grants** appellant's second motion for an extension of time to file a *pro se Anders* response in part. Appellant's response to his counsel's *Anders* brief shall be filed **within 45 days of the date of this order**. Given the length of this second extension, appellant is warned that no further extensions will be granted absent extraordinary circumstances.

Also, to the extent that appellant requested any pre-trial suppression motion records, we **grant** the motion requesting these records and **order** the trial court clerk, **no later than 10 days from the date of this order**, to provide a copy of any suppression motion/hearing records to the *pro se* appellant and to file them with the Clerk of this Court. Because the trial court clerk failed to timely certify to the Clerk of this Court the date of delivery of the records to appellant, the trial court clerk shall certify to the Clerk of this Court, **within 15 days of the date of this order**, the date upon which delivery of the clerk's and reporter's record to the appellant was made, as well as any supplemental

clerk's or reporter's records containing any suppression motion/hearing or a certification that there are no such records.

In addition, appellant has filed a motion requesting the appointment of new appellate counsel, also dated February 20, 2015. Appellant claims that because the trial court appointed his trial counsel, Jerome Godinich, Jr., as his appellate counsel, Mr. Godinich could not be forced to raise ineffectiveness of trial counsel claims against himself in his *Anders* brief, which appellant contends should have been raised. "If, after conducting its own review of an *Anders* brief, the relevant record, and any *pro se* brief a court of appeals determines that appellate counsel did not address a potential ground for appeal, and the appellate court believes that this ground for appeal meets the low threshold requirement for disclosure, the court 'will: (1) grant the original attorney's motion to withdraw; and (2) abate the case and send it back to the trial court to appoint a new attorney with directions to file a merits brief.'" *Banks v. State*, 341 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2009, order) (quoting *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008)) (citations omitted), *aff'd by*, 2010 WL 1053218, at *3 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (mem. op., not designated for publication).

Accordingly, because the Court is granting appellant's second extension to file a *pro se Anders* response, his motion for appointment of new counsel is **denied without prejudice**. After any suppression motion/hearing records have been filed and appellant has filed his *pro se Anders* response, if any, appellant may re-file his motion for appointment of new appellate counsel.


It is so ORDERED.


Judge's signature: /s/ Laura Carter Higley
                                 ☒  Acting individually

Date:  March 12, 2015

2