**Order issued June 18, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01027-CR

————————————

**RODNEY MILUM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1347034

### ORDER FOR SUPPLEMENTAL BRIEFING

Rodney Milum was convicted of sexual assault of a child[1] and sentenced to

two years' incarceration suspended in favor of eight years' community supervision.

The trial court imposed 41 conditions of community service, including:

---

[1]     TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011).

You may enter a church, synagogue, or other place of worship only to attend a public service. You may arrive fifteen (15) minutes prior to the service and you must depart the place of worship immediately following the service. You are not to enter any area of the place of worship where children's classes are being conducted or where children play or engage [in] other activities beginning 10/18/2013.

You may not access to the internet through any manner of method, beginning 10/18/2013, for any reason unless specifically ordered by the Court. You may not view, receive, download, transmit, or possess pornographic material on any computer. You are not to possess pornographic software, images, or material on any hard drive, [computer disk], or magnetic tape.

The record contains no objection to any conditions of community supervision.

We have abated this appeal twice. We first abated after Milum's first appellate counsel filed a motion to withdraw from representation and an *Anders* brief finding no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). As required by *Anders*, we independently reviewed the record and concluded that arguable grounds for appeal existed. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Accordingly, we abated, remanded for appointment of new appellate counsel, and ordered new briefing. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

We ordered new appellate counsel to:

(1) fully investigate and make a conscientious examination of the record;

(2) address all arguable, non-frivolous grounds for appeal in a brief on the merits;

(3) **specifically** address the issue of whether any or all the 41 conditions of community supervision imposed by the trial court are invalid. *See, e.g. U.S. v. Tang*, 718 F.3d (5th Cir. 2003); *Barton v. State*, 21 S.W.3d 287, 289 (Tex. Crim. App. 2000); *Mitchell v. State*, 420 S.W.3d 448 (Tex. App.—Houston [14th Dist.] 2014); TEX. CODE CRIM. P. art. 42.12 §11 (a); *cf. Doughty v. State*, 2014 WL 5465697 (Tex. App.—Houston [1st Dist.] October 28, 2014, no pet.);

(4) whether failure to object to any of the conditions of community supervision constituted ineffective assistance of counsel;

(5) address any other grounds counsel deems appropriate.

Milum's second appellate attorney filed a brief addressing these issues; however she did so in an *Anders* brief finding no arguable grounds for appeal; she also moved to withdraw from representation. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *In re K.D.*, 127 S.W.3d at 67. We again independently reviewed the record and determined that arguable grounds for appeal existed. Accordingly, we once again abated, remanded for appointment of new appellate counsel, and ordered new briefing. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Our second abatement order included the same five requirements as the first.[2] But the merits brief filed by Milum's third appellate counsel does not address

---

[2] We also added a sixth requirement: to examine "whether the principle of waiver applies where there is a failure to object to or preserve error in regards to an unconstitutional order."

ineffective assistance of counsel, as required by our order. Accordingly, it does not comply with the second abatement order. Further, it does not address an issue determined by this Court to be an arguable ground for appeal.

When we discover arguable grounds for appeal, abate, and remand for the appointment of new appellate counsel, new counsel should "present *all* arguable grounds for appeal." *See Garcia v. State*, 01-05-00718-CR, 2007 WL 441716, at *1 (Tex. App.—Houston [1st Dist.] Feb. 8, 2007, no pet.) (mem. op., not designated for publication) (emphasis added); *see Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Although we do not become advocates for the defendant, "if the Court of Appeals does find that there are arguable grounds, the appellate court must then guarantee appellant's right to counsel by ensuring" appellate representation. *Stafford*, 813 S.W.2d at 511; *accord Anders,* 386 U.S. at 744, 87 S.Ct. at 1400 ("[I]f [an appellate court] finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."). "Only after the issues have been briefed by new counsel may the court of appeals address the merits of the issues raised." *Bledsoe*, 178 S.W.3d at 827 (Tex. Crim. App. 2005).

**Conclusion**

We order Milum to file a supplemental brief addressing whether the failure to object constitutes ineffective assistance of counsel and any other unbriefed arguable grounds for appeal. Milum's amended brief will be due ten days from the date of this order. The State's response brief will be due thirty days from the date Milum's brief is filed.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown

      ☑ Acting individually    ☐ Acting for the Court

Panel consists of Justices Jennings, Bland, and Brown.


Date: June 17, 2015