COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Roy Garcia Jr. v. The State of Texas

Appellate case number:    01-19-00940-CR

Trial court case number:  1564875

Trial court:              183rd District Court of Harris County

Appellant pleaded guilty without an agreed recommendation as to punishment to the felony offense of murder. Following a sentencing hearing, the trial court sentenced appellant to life imprisonment. Appellant's appointed counsel filed a motion to withdraw, along with an *Anders* brief concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). We find the brief filed by appointed counsel to be deficient.

The *Anders* brief filed in this appeal fails to assure this court that appointed counsel has adequately reviewed the record to professionally evaluate whether there are any nonfrivolous appellate issues. *See id.* at 744. First, although a reporter's record was filed, the *Anders* brief was filed prior to the filing of the clerk's record and fails to include any citations to the record. Counsel's brief does not provide any indication that counsel has seen or reviewed a copy of the clerk's record. Second, the *Anders* brief is cursory, consisting of only two pages of substance generally asserting that appellant pleaded guilty to murder, his life sentence is within the applicable punishment range, and trial counsel was not ineffective. The brief provides no further description of relevant facts, including whether there were any adverse rulings on pretrial or posttrial motions and whether there were any adverse rulings during the punishment phase.

By failing to provide a professional evaluation of the record, counsel's brief provides no aid to appellant or to this Court, and it fails to meet the requirements of *Anders*. *See McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903–04 (1988) (requiring appellate court, in addition to determining whether counsel correctly determined that appeal is frivolous, to "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal); *Anders*, 386 U.S. at 744–45 (requiring counsel to file brief that assists client by evaluating all potential grounds for appeal and aids Court in evaluating record); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978) (requiring "brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced").

Accordingly, we strike counsel's deficient *Anders* brief and order counsel to file a new brief within **30 days of this order**. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *Banks v. State*, 341 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] March 11, 2010, no pet.).  Counsel may file either a brief on the merits or a proper *Anders* brief demonstrating a conscientious examination of the record. If counsel fails to file an adequate brief within **30 days of this order**, then we will abate the appeal and remand the cause for the trial court to appoint new appellate counsel.

It is so ORDERED.


Judge's signature: ____/s/ Sarah B. Landau_____
                                        Acting individually


Date:  ___May 5, 2020___