**Opinion issued April 4, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00321-CR

———————————

**ERIC CADOREE, JR., Appellant**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 1624107**

---

## MEMORANDUM OPINION

Appellant, Eric Cadoree, Jr., appeals the trial court's judgment adjudicating

him guilty of the felony offense of aggravated robbery with a deadly weapon and

sentencing him to eight years' confinement.[1] Cadoree's appointed counsel on appeal

---

[1]     *See* TEX. PENAL CODE § 29.03.

has submitted an *Anders* brief,[2] declaring there are no nonfrivolous bases for appeal. Cadoree did not file a pro se brief, and the State waived its right to respond to the *Anders* brief. We affirm.

## Background

Cadoree pleaded guilty to the offense of aggravated robbery with a deadly weapon in July 2021. The trial court deferred a finding of guilt until a presentence investigation report was completed. A presentence investigation hearing was held on April 20, 2022, and Cadoree's guilty plea was filed. At the hearing, the State put on two witnesses, L. Jones and K. Rhone, and offered Cadoree's plea paperwork and the presentence investigation report as exhibits. Cadoree also testified. After closing arguments, the trial court sentenced Cadoree to eight years' confinement. Cadoree filed a notice of appeal that same day. His appointed trial counsel moved for and was granted permission to withdraw. The trial court appointed appellate counsel for Cadoree two days later. On appeal, Cadoree's appellate counsel moves to withdraw and has filed an *Anders* brief stating that there are no nonfrivolous issues for appeal. *See Anders v. California*, 386 U.S. 738, 741–42 (1967).

## *Anders* Procedures

When appointed counsel believes an appeal by a criminal defendant is frivolous, counsel may file both a motion to withdraw and an *Anders* brief. *In re*

---

[2]     *See Anders v. California*, 386 U.S. 738, 741–42 (1967).

*Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *Anders*, 386 U.S. at 741–42. An *Anders* brief reflects the fact that counsel has adequately researched the case before deciding to withdraw. *In re Schulman*, 252 S.W.3d at 407. It sets out counsel's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record. *Id.* It also assists the client by providing citations to the record if he wishes to exercise his right to file a pro se brief. *Id.* at 407–08. An *Anders* brief is appropriate only when counsel has mastered the record and the evidence and determines that there are no sustainable grounds for appeal. *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (mem. op., not designated for publication) If counsel finds that the appeal contains potentially meritorious grounds, counsel must file a merits brief with the court. *In re Schulman*, 252 S.W.3d at 406 n.9; *Banks*, 341 S.W.3d at 430; *see Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991).

If counsel determines that potential grounds for appeal exist but that those grounds would be frivolous, counsel must explain those grounds for appeal with citations to applicable legal authority and to pertinent evidence. *In re Schulman*, 252 S.W.3d at 407; *Banks*, 341 S.W.3d at 431. Counsel should "point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either

why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). The purpose of this requirement is to convince the courts of appeals that counsel has given due consideration to any potential ground for appeal before dismissing it as frivolous. *See In re Schulman*, 252 S.W.3d at 407–09 (stating courts of appeals will not grant motion to withdraw if *Anders* brief does not show that record was carefully reviewed); *High*, 573 S.W.2d at 811 (describing importance of disclosing both legal authority and potential grounds for appeal); *Banks*, 341 S.W.3d at 431 (same).

Even when counsel believes that there are no grounds that might convince an appellate court, counsel must still file an *Anders* brief, and the *Anders* brief must direct the court of appeals to the portions of the record that could have created error but did not. *Banks*, 314 S.W.3d at 431. Counsel may not provide a mere conclusory statement that no grounds for appeal exist. *In re Schulman*, 252 S.W.3d at 406–07; *see Anders*, 386 U.S. at 742. While the courts of appeals have a supervisory role, they should not have to pour over the record to determine counsel has completed a thorough review of the record. *Banks*, 341 S.W.3d at 431. If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d

684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d at 409.

In this *Anders* brief, counsel has discussed why this appeal is meritless and frivolous because the record contains no reversible error. Counsel specifically discussed and briefed: (1) Cadoree's right to appeal; (2) the admonishments given to Cadoree; (3) Cadoree's pretrial motions; (4) Cadoree's guilty plea; (5) Cadoree's punishment; (6) the judgment of conviction; and (7) an ineffective assistance counsel claim. Cadoree did not file a pro se brief. The State filed a waiver declining to formally respond to the *Anders* brief.

After an appellant's counsel moves to withdraw because an appeal is frivolous and fulfills the *Anders* requirements, we must independently examine the record to see if there is any arguable ground that might be raised on an appellant's behalf. *Stafford*, 813 S.W.2d at 511. When performing this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues that an appellant might raise in a pro se brief. *In re Schulman*, 252 S.W.3d at 409. Only afterward may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988).

We have scrutinized counsel's *Anders* brief, the State's waiver of its right to respond to the *Anders* brief, and the appellate record. We agree with counsel that

this appeal is meritless and frivolous. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

## Conclusion

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

Amparo Guerra
Justice

Panel consists of Justices Kelly, Guerra, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

6