**Opinion issued July 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00427-CR**

———————————

**MICHAEL JAMES BROUSSARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 22-CR-1910**

---

## MEMORANDUM OPINION

Appellant, Michael James Broussard, appeals from his conviction for aggravated robbery. *See* TEX. PENAL CODE § 29.03. Broussard's appellate counsel

filed a motion to withdraw and an *Anders* brief.[1] We grant counsel's motion and affirm.

## Background

Broussard was charged with aggravated robbery. The indictment included two enhancement paragraphs, each alleging a prior felony conviction, which made him eligible for punishment as a habitual offender.[2] A jury found Broussard guilty as charged in the indictment, found the enhancement allegations true, and sentenced him to thirty-five years' confinement.

On appeal, Broussard's appointed counsel has filed an *Anders* brief, stating that she has found no arguable points of error to raise on appeal, and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 738 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable grounds for reversal. *Id.* at 744; *see also High v. State*, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). Broussard has not filed a response, and the State waived its opportunity to file a brief.

## *Anders* Procedures

When appointed counsel believes an appeal by a criminal defendant is frivolous, counsel may file both a motion to withdraw and an *Anders* brief. *In re*

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

[2] *See* TEX. PENAL CODE § 12.42(d).

*Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *Anders*, 386 U.S. at 741–42. An *Anders* brief reflects the fact that counsel has adequately researched the case before deciding to withdraw. *In re Schulman*, 252 S.W.3d at 407. It sets out counsel's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record. *Id.* at 407. It also assists the client by providing citations to the record if he wishes to exercise his right to file a pro se brief. *Id.* at 407–08. An *Anders* brief is appropriate only when counsel has mastered the record and the evidence and determines that there are no sustainable grounds for appeal. *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (mem. op.). If counsel finds that the appeal does contain potentially meritorious grounds, counsel must file a merits brief with the court. *In re Schulman*, 252 S.W.3d at 407 n.9; *Banks*, 341 S.W.3d at 430; *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991).

If counsel determines that potential grounds for appeal exist, but that those grounds would be frivolous, counsel must explain those grounds for appeal with citations to applicable legal authority and relevant evidence. *In re Schulman*, 252 S.W.3d at 407; *Banks*, 341 S.W.3d at 431. Counsel should "point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either

why the trial court's ruling was correct or why appellant was not harmed by the ruling of the court." *High*, 573 S.W.2d at 813. This confirms for the appellate court that counsel has given due consideration to any potential ground for appeal before dismissing it as frivolous. *See In re Schulman*, 252 S.W.3d at 407–09 (stating that courts of appeals will not grant motion to withdraw if *Anders* brief does not show that record was carefully reviewed); *High*, 573 S.W.2d at 811 (describing importance of disclosing both legal authority and potential grounds for appeal); *Banks*, 341 S.W.3d at 431.

Even when counsel believes that there are no grounds for appeal that might persuade an appellate court, counsel must still file an *Anders* brief, directing the court to the portions of the record that could have created error but did not. *Banks*, 341 S.W.3d at 431. Counsel may not merely provide a conclusory statement that no bases for appeal exist. *In re Schulman*, 252 S.W.3d at 406–07; *see Anders*, 386 U.S. at 742. While the appellate court has a supervisory role, we should not have to scour the record to confirm counsel has conducted a thorough review. *Banks*, 341 S.W.3d at 431. If, after our independent review of the briefing and record, we determine that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *See Mitchell v. State*, 193 S.W.3d

4

153, 156 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826, 828 (Tex. Crim. App. 2005)).

In this *Anders* brief, counsel has outlined why this appeal is meritless and frivolous and demonstrated that the record contains no reversible error. Counsel considered and briefed the following: (1) the sufficiency of the charging instrument; (2) the trial court's denial of appellant's pre-trial motion to continue; (3) the trial court's adverse ruling on appellant's *Batson* challenges and another objection during trial; (4) the sufficiency of the evidence supporting the trial court's denial of appellant's motion for directed verdict; (5) the sufficiency of the court's charge; and (6) the appropriateness of the sentence imposed and the State's proof of two enhancement paragraphs. As noted above, Broussard has not filed a pro se response, and the State waived its opportunity to submit a brief.

Broussard's counsel has also certified that she mailed a copy of the motion to withdraw and *Anders* brief to Broussard and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09. Counsel also informed Broussard of his right to access the appellate record and provided him with a form motion for pro se access. *See Kelly*, 436 S.W.3d at 319–20.

We have scrutinized counsel's *Anders* brief, the State's waiver of its right to respond to the *Anders* brief, and the appellate record. We agree with counsel that this appeal is meritless and frivolous. *See Bledsoe*, 178 S.W.3d at 827–28.

**Conclusion**

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[3] *See* TEX. R. APP. P. 43.2(a). Counsel must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

Amparo Monique Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform Broussard of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).