**Opinion issued December 31, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00240-CR**
_____

**DEVONTE TERRELL ADAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 54th District Court**
**McLennan County,[1] Texas**
**Trial Court Case No. 2020-1468-C2**

---

**MEMORANDUM OPINION**

Appellant, Devonte Terrell Adams, appeals from his conviction for

aggravated assault with a deadly weapon. *See* TEX. PENAL CODE § 22.02(a)(2), (b).

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Tenth District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases between courts of appeals). We are unaware of any conflict between the precedent of the Court of Appeals for the Tenth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Adams's appointed counsel filed a motion to withdraw and an *Anders* brief.[2] We grant counsel's motion and affirm.

## Background

Adams was indicted for aggravated assault of a public servant, a first-degree felony. *See* TEX. PENAL CODE § 22.02(a)(2), (b)(2). The State reduced the charge to aggravated assault with a deadly weapon, a second-degree felony, and filed a notice of intent to enhance Adams's punishment based on his prior juvenile adjudication for robbery.[3] *See id*. § 22.02(a)(2), (b). A jury found Adams guilty of aggravated assault with a deadly weapon. Adams elected for the trial court to assess his punishment. After finding the enhancement allegation true, the trial court sentenced Adams to twenty-five years' confinement.

On appeal, Adams's appointed counsel filed an *Anders* brief, stating that he has found no arguable points of error to raise on appeal, and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 738 (1967). The *Anders* brief

---

[2]     *See Anders v. California*, 386 U.S. 738 (1967).

[3]     In 2018, a juvenile court found that Adams had engaged in delinquent conduct, specifically robbery, resulting in his commitment to a Texas Juvenile Justice Department facility. *See* TEX. PENAL CODE §§ 12.42(b) (providing that if it is proven during trial of second-degree felony that defendant has previously been finally convicted of felony—excluding state jail felony—then upon conviction for second-degree felony, defendant shall be punished as if he was convicted of first-degree felony), 12.42(f) (for purposes of subsection 12.42(b), adjudication by juvenile court that child engaged in delinquent conduct constituting felony offense, for which child is committed to Texas Juvenile Justice Department, is final felony conviction), 29.02(b) (robbery is second-degree felony).

2

meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable, non-frivolous grounds for reversal. *Id*. at 744; *see also High v. State*, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). Adams has not filed a pro se brief, and the State waived its opportunity to file a responsive brief.

### *Anders* **Procedures**

When appointed counsel believes an appeal by a criminal defendant is frivolous, counsel may file both a motion to withdraw and an *Anders* brief. *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *Anders*, 386 U.S. at 741–42. An *Anders* brief reflects the fact that counsel has adequately researched the case before deciding to withdraw. *In re Schulman*, 252 S.W.3d at 407. It sets out counsel's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record. *Id*. at 407. It also assists the client by providing citations to the record if he wishes to exercise his right to file a pro se brief. *Id*. at 407–08. An *Anders* brief is appropriate only when counsel has mastered the record and the evidence and determines that there are no sustainable grounds for appeal. *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (mem. op.). If counsel finds that the appeal does contain potentially meritorious grounds, counsel must file a merits

brief with the court. *In re Schulman*, 252 S.W.3d at 407 n.9; *Banks*, 341 S.W.3d at 430; *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991).

If counsel determines that potential grounds for appeal exist, but that those grounds would be frivolous, counsel must explain those grounds for appeal with citations to applicable legal authority and relevant evidence. *In re Schulman*, 252 S.W.3d at 407; *Banks*, 341 S.W.3d at 431. Counsel should "point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why appellant was not harmed by the ruling of the court." *High*, 573 S.W.2d at 813. This confirms for the appellate court that counsel has given due consideration to any potential ground for appeal before dismissing it as frivolous. *See In re Schulman*, 252 S.W.3d at 407–09 (stating that courts of appeals will not grant motion to withdraw if *Anders* brief does not show that record was carefully reviewed); *High*, 573 S.W.2d at 811 (describing importance of disclosing both legal authority and potential grounds for appeal); *Banks*, 341 S.W.3d at 431.

Even when counsel believes that there are no grounds for appeal that might persuade an appellate court, counsel must still file an *Anders* brief, directing the court to the portions of the record that could have created error but did not. *Banks*, 341 S.W.3d at 431. Counsel must provide more than just a conclusory statement

that no bases for appeal exist. *In re Schulman*, 252 S.W.3d at 406–07; *see Anders*, 386 U.S. at 742. While the appellate court has a supervisory role, we should not have to scour the record to confirm counsel has conducted a thorough review. *Banks*, 341 S.W.3d at 431. If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *See Mitchell v. State*, 193 S.W.3d 153, 156 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826, 828 (Tex. Crim. App. 2005)).

**Analysis**

In his *Anders* brief, counsel has outlined why there are no arguable, non-frivolous grounds to reverse the trial court's judgment. Counsel specifically discussed and briefed: (1) the trial court's jurisdiction over the matter, (2) the sufficiency of the indictment, (3) the sufficiency of the evidence supporting Adams's conviction for aggravated assault with a deadly weapon, (4) the trial court's denial of Adams's request for a jury instruction on deadly conduct as a lesser-included offense, (5) the State's proof of the enhancement allegation, and (6) the appropriateness of the punishment imposed. Counsel certified that he mailed Adams copies of the motion to withdraw, *Anders* brief, clerk's record, and reporter's record. He also informed Adams of his right to file a response. *See In re*

5

*Schulman*, 252 S.W.3d at 408–09. Adams did not file a pro se brief, and the State waived its opportunity to file a responsive brief.

We have scrutinized counsel's *Anders* brief, the State's waiver of its right to respond to the *Anders* brief, and the appellate record. We agree with counsel that there are no non-frivolous grounds for appeal. *See Bledsoe*, 178 S.W.3d at 826–28.

### Conclusion

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[4] *See* TEX. R. APP. P. 43.2(a). Counsel must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

Amparo Monique Guerra
Justice

Panel consists of Justices Goodman, Guerra, and Gunn.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] Appointed counsel still has a duty to inform Adams of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

6