**Opinion issued March 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00252-CR

————————————

**JAMES RANDALL LEHMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 19th District Court**
**McLennan County,[1] Texas**
**Trial Court Case No. 2019-1940-C1**

---

## MEMORANDUM OPINION

Appellant, James Randall Lehman, appeals from his conviction for

aggravated assault with a deadly weapon. *See* TEX. PENAL CODE § 22.02(a)(2), (b).

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Tenth District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases between courts of appeals). We have not found any conflict between the precedent of the Court of Appeals for the Tenth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Appellant's appointed counsel filed a motion to withdraw and an *Anders* brief.[2] We grant counsel's motion and affirm.

## Background

Appellant was indicted for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b). The State filed a notice of intent to use a prior conviction for enhancement based on a prior felony conviction for driving while intoxicated, third offense or more, in 2014 and a felony conviction of burglary of a building in 1986. *See* TEX. PENAL CODE ANN. §§ 12.42(b), 22.02. A jury found him guilty of aggravated assault with a deadly weapon. Appellant elected for the jury to assess his punishment. After Appellant pleaded true to the two enhancement allegations, the jury found the enhancement allegations true and sentenced Appellant to thirty years' confinement.

On appeal, Appellant's appointed counsel filed an *Anders* brief, stating that he has found no arguable points of error to raise on appeal, and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 738 (1967). The *Anders* brief meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable, non-frivolous grounds for reversal. *Id*. at 744; *see also High v. State*, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978).

---

[2] *See Anders v. California*, 386 U.S. 738 (1967).

In response, appellant filed three letters with the Court. Appellant filed a pro se brief that requested an extension of time to file his pro se response. In a subsequent letter, Appellant argues that the body-cam footage showed that he was not under arrest and that his trial counsel provided ineffective assistance by failing to suppress the body-cam video. Appellant further asserts that his trial counsel's ineffective assistance violated his Due Process Rights. In a Motion to Vacate and Remand, Appellant states that he was deprived of his due process right to a fair trial for the following reasons: (1) judicial misconduct, (2) prosecutorial misconduct, and (3) proceedings of trial were in conspiracy. The State waived its opportunity to file a responsive brief.

### *Anders* **Procedures**

When appointed counsel believes an appeal by a criminal defendant is wholly frivolous, after a conscientious examination of it, counsel may file both a motion to withdraw and an *Anders* brief. *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *Anders*, 386 U.S. at 741–42. An *Anders* brief reflects the fact that counsel has adequately researched the case before deciding to withdraw. *In re Schulman*, 252 S.W.3d at 407. It sets out counsel's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record. *Id*. at 407. It also assists the client by providing citations to the record if he wishes to exercise his right to file a pro se brief. *Id*. at 407–08. An *Anders* brief is appropriate

only when counsel has mastered the record and the evidence and determines there are no sustainable grounds for appeal. *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (mem. op.). If counsel finds the appeal does contain potentially meritorious grounds, counsel must file a merits brief with the court. *In re Schulman*, 252 S.W.3d at 407 n.9; *Banks*, 341 S.W.3d at 430.

If counsel determines that potential grounds for appeal exist, but those grounds would be wholly frivolous, counsel must explain those grounds for appeal with citations to applicable legal authority and relevant evidence. *Banks*, 341 S.W.3d at 431. Counsel should "point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High*, 573 S.W.2d at 813. This confirms for the appellate court that counsel has given due consideration to any potential ground for appeal before dismissing it as frivolous. *High*, 573 S.W.2d at 811 (describing importance of disclosing both legal authority and potential grounds for appeal); *Banks*, 341 S.W.3d at 431.

Even when counsel believes there are no grounds for appeal that might persuade an appellate court, counsel must still file an *Anders* brief, directing the

4

court to the portions of the record that could have created error but did not. *Banks*, 341 S.W.3d at 431. Counsel must provide more than just a conclusory statement that no bases for appeal exist. *In re Schulman*, 252 S.W.3d at 406–07; *see Anders*, 386 U.S. at 742–44. While the appellate court has a supervisory role, we should not have to scour the record to confirm counsel has conducted a thorough review. *Banks*, 341 S.W.3d at 431. If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *See Garza v. State*, No. 01-22-00758-CR, 2023 WL 5021819, at *2 (Tex. App.—Houston [1st Dist.] Aug. 8, 2023, no pet.) (mem. op., not designated for publication) (citing *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006)).

## Analysis

In his *Anders* brief, counsel has outlined why there are no arguable, non-frivolous grounds to reverse the trial court's judgment. Counsel specifically discussed and briefed: (1) the sufficiency of the indictment, (2) the sufficiency of the evidence supporting Appellant's conviction for aggravated assault with a deadly weapon, (3) the discovery process, (4) evidentiary rulings and the admission of exhibits, (5) the State's proof of the enhancement allegations, and (6) the appropriateness of the punishment imposed. The trial court clerk notified

this Court that Appellant has received the clerk's records, supplemental records, and reporter's record in this case. Counsel certified that he mailed Lehman copies of the motion to withdraw and *Anders* brief. *See In re Schulman*, 252 S.W.3d at 408–09. Appellant did file a pro se response, and the State waived its opportunity to file a responsive brief.

We have scrutinized counsel's *Anders* brief, the State's waiver of its right to respond to the *Anders* brief, appellant's pro se filings, and the appellate record. We agree with counsel that there are no non-frivolous grounds for appeal. *See Bledsoe*, 178 S.W.3d at 826–28.

## Conclusion

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[3] *See* TEX. R. APP. P. 43.2(a). All pending motions are dismissed as moot. Counsel must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appointed counsel still has a duty to inform Appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.