**Opinion issued July 27, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00503-CR

———————————

**CLARENCE WILLIAM JOSEPH III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 52nd District Court**
**Coryell County,[1] Texas**
**Trial Court Case No. 20-26128**

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Tenth District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals). Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." TEX. R. APP. P. 41.3. The parties have not cited, nor has our own research revealed, any conflict between the precedent of the Tenth Court of Appeals and that of this court on any relevant issue.

**MEMORANDUM OPINION**

Appellant, Clarence William Joseph III, pleaded guilty to the offense of failure to comply with registration requirements. *See* TEX. CODE CRIM. PROC. art. 62.102. In accordance with Joseph's plea bargain with the State, the trial court sentenced Joseph to ten years' imprisonment, suspended the sentence, placed him on community supervision for five years subject to certain conditions, and imposed a $1,000 fine. The State subsequently moved to revoke Joseph's community supervision and impose the sentence, alleging that Joseph violated one of the conditions of his community supervision by committing a new offense. Joseph pleaded not true to the allegations. Following a hearing on the motion to revoke, the trial court signed a judgment revoking Joseph's community supervision and sentencing him to six years' imprisonment. Joseph timely filed a notice of appeal. Joseph's appointed counsel on appeal has filed a motion to withdraw and an *Anders* brief.[2] We grant counsel's motion and affirm.

## Background

On December 7, 2021, the State moved to revoke Joseph's community supervision on the grounds that he violated one of the conditions of his community supervision when he committed a new offense: assault causing bodily injury. Joseph was represented by counsel at the revocation hearing. At the hearing, Joseph's

---

[2]      *See Anders v. California*, 386 U.S. 738 (1967).

former fiancé, Alissa Alejandro, testified that he assaulted her at her place of work on October 23, 2021. Joseph did not testify. Ultimately, the trial court entered its judgment revoking Joseph's community supervision on June 6, 2022, and certified his right to appeal. The following day, the trial court appointed appellate counsel for Joseph, who timely filed a notice of appeal.

Joseph's appellate counsel has now filed an *Anders* brief, stating that he has found no arguable points of error to raise on appeal, and has moved to withdraw as counsel. *See Anders*, 386 U.S. at 738. The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable grounds for reversal. *Id.* at 744; *see also High v. State,* 573 S.W.2d 807, 810 (Tex. Crim. App. [Panel Op.] 1978). Joseph has not filed a response, and the State waived its opportunity to file a brief.

### *Anders* **Procedures**

When appointed counsel believes an appeal by a criminal defendant is frivolous, counsel may file both a motion to withdraw and an *Anders* brief. *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *Anders*, 386 U.S. at 741–42. An *Anders* brief reflects the fact that counsel has adequately researched the case before deciding to withdraw. *In re Schulman*, 252 S.W.3d at 407. It sets out counsel's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record. *Id.* at 407. It also assists the client by providing citations to the

record if he wishes to exercise his right to file a pro se brief. *Id.* at 407–08. An *Anders* brief is appropriate only when counsel has mastered the record and the evidence and determines that there are no sustainable grounds for appeal. *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01–08–00286–CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, no pet.) (mem. op., not designated for publication). If counsel finds that the appeal does contain potentially meritorious grounds, counsel must file a merits brief with the court. *In re Schulman*, 252 S.W.3d at 406 n.9; *Banks*, 341 S.W.3d at 430; *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991).

If counsel determines that potential grounds for appeal exist, but that those grounds would be frivolous, counsel must explain those grounds for appeal with citations to applicable legal authority and relevant evidence. *In re Schulman*, 252 S.W.3d at 407–08; *Banks*, 341 S.W.3d at 431. Counsel should "point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High*, 573 S.W.2d at 813. This confirms for the appellate court that counsel has given due consideration to any potential ground for appeal before dismissing it as frivolous. *See In re Schulman*, 252 S.W.3d at 407–09 (stating that courts of appeals will not grant a motion to withdraw if an *Anders* brief does not

4

show that the record was carefully reviewed); *High*, 573 S.W.2d at 811 (describing the importance of disclosing both legal authority and potential grounds for appeal); *Banks*, 341 S.W.3d at 431.

Even when counsel believes that there are no grounds for appeal that might possibly persuade an appellate court, counsel must still file an *Anders* brief, directing the court to the portions of the record that could have created error but did not. *Banks*, 341 S.W.3d at 431. Counsel may not merely provide a conclusory statement that no bases for appeal exist. *In re Schulman*, 252 S.W.3d at 406–07; *see Anders*, 386 U.S. at 742. While the appellate court has a supervisory role, we should not have to scour the record to confirm counsel has conducted a thorough review. *Banks*, 341 S.W.3d at 431. If, after our independent review of the briefing and record, we determine that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *See Mitchell v. State*, 193 S.W.3d 153, 156 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826, 828 (Tex. Crim. App. 2005)).

In this *Anders* brief, counsel has outlined why this appeal is meritless and frivolous because the record contains no reversible error. Specifically, counsel considered and briefed the following: (1) the due process considerations implicated

by revocation of Joseph's community supervision; (2) the necessary elements the State must prove to revoke Joseph's probation; (3) the appropriateness of the sentence imposed; and (4) the trial court's written judgment. As noted above, Joseph has not filed a pro se response, and the State waived its opportunity to submit a brief.

Joseph's counsel has also certified that he mailed Joseph copies of the motion to withdraw, *Anders* brief, clerk's record, and reporter's record. Counsel further certified that he informed Joseph of his right to file a response. *See In re Schulman*, 252 S.W.3d at 408.

We have scrutinized counsel's *Anders* brief, the State's waiver of its right to respond to the *Anders* brief, and the appellate record. We agree with counsel that this appeal is meritless and frivolous. *See Bledsoe*, 178 S.W.3d at 827–28.

## Conclusion

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[3] *See* TEX. R. APP. P. 43.2(a). Counsel must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

Amparo Guerra
Justice

---

[3] Appointed counsel still has a duty to inform Joseph of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.

Panel Consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).