**Preliminary Opinion and Opinion Filed July 28, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00556-CV

## IN THE MATTER OF M.W., A JUVENILE

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-20-00351-X**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Molberg

M.W., a juvenile, appeals the trial court's order of adjudication and judgment of disposition finding her delinquent for two offenses—assault causing bodily injury, a charge for which she pleaded true, and assault of a public servant, which she contested, and which the trial court found true. *See* TEX. FAM. CODE § 54.03 (adjudication hearing); TEX. PENAL CODE § 22.01(A)(1) (assault causing bodily injury); *id*. § 22.01(B)(1) (assault of public servant); *see generally* TEX. FAM. CODE §§ 51.01–61.107 (Juvenile Justice Code).

On March 16, 2020, the Dallas County District Attorney's Office filed a two-count petition against M.W., alleging that on or about January 17, 2020, in Dallas

County, Texas, M.W. did (1) "intentionally, knowingly or recklessly cause bodily injury to another, namely [K.C.], in violation of a penal law of this State punishable by confinement in jail," to wit: Texas Penal Code § 22.01; and did (2) "intentionally, knowingly or recklessly cause bodily injury to another, namely Brittani Simmons, a public servant, and [M.W.] knew that [Simmons] was a public servant in the lawful discharge of an official duty or [M.W.] committed the offense, in retaliation or on account of an exercise of an official power or performance of an official duty, by [Simmons] as a public servant, in violation of a penal law of this State punishable by imprisonment," to wit: Texas Penal Code § 22.01.

The adjudication and disposition hearing was held on March 2, 2022 before an associate judge. In that hearing, following the testimony of multiple witnesses, including M.W., the trial court accepted M.W.'s plea of true to the allegations in count one and found true the allegation in count two, except that the court concluded M.W. committed the count two offense knowingly or recklessly, but not intentionally.

On March 7, 2022, the court entered its order of adjudication and judgment of disposition with no placement. Among its other contents, the order declared M.W. a child engaged in delinquent conduct as defined under Texas Family Code § 51.03[1] and included a statement that the court found from the evidence beyond a reasonable

---

[1] According to that section, delinquent conduct includes, but is not limited to, "conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail." TEX. FAM. CODE § 51.03(a)(1).

doubt that M.W. did commit the two alleged offenses. *See* TEX. PENAL CODE §§ 22.01(A)(1), (B)(1). The order also placed M.W. on probation for a period of nine months in the custody of her mother, subject to the terms and conditions of probation attached thereto, and ordered that M.W. complete thirty-five hours of community service restitution on the dates and locations designated by M.W.'s probation officer. M.W.'s trial counsel timely filed a notice of appeal on M.W.'s behalf.[2]

The trial court allowed M.W.'s trial counsel to withdraw and appointed M.W. new appellate counsel. M.W.'s new appellate counsel filed on M.W.'s behalf another notice of appeal on June 7, 2022,[3] and on August 17, 2022, filed an *Anders* brief concluding that, after a diligent review of the record, the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *see also In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (extending *Anders* procedures to juvenile cases, which are "quasi-criminal in nature").

*Anders* outlines a procedure for ensuring that an indigent defendant's right to counsel on appeal is honored when his appointed attorney concludes the appeal is without merit. 386 U.S. at 744–45. In a typical *Anders* situation, if the appointed attorney finds, after a conscientious examination of the record, that the case is "wholly frivolous," he should so advise the appellate court, request permission to

---

[2] M.W.'s March 24, 2022 notice of appeal stated M.W. "desires to appeal her adjudication in count 2."

[3] M.W.'s June 7, 2022 notice of appeal stated M.W. "desires to appeal from all portions of the judgment." We render no opinion on the timeliness or effect of the June 7, 2022 notice of appeal, if any, when no issue in that regard has been presented to us for review, and when our jurisdiction over this appeal is clearly established by the timely filing of M.W.'s March 24, 2022 notice of appeal.

withdraw, and file a brief referring to anything in the record that might arguably support the appeal. *See id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008); *see also McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 437–39 (1988).

In some cases, a request to withdraw in the intermediary appellate courts may be premature. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (concluding, in termination of parental rights case, appointed counsel's obligations can be satisfied by filing a petition for review that satisfies standards for an *Anders* brief); *In re T.M.*, 583 S.W.3d 836, 838 (Tex. App.—Dallas 2019, no pet.) (concluding, in juvenile case, appointed counsel's duties had not yet been discharged and stating, "If appellant, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court 'a petition for review that satisfies the standards for an *Anders* brief.'") (quoting *In re P.M.*, 520 S.W.3d at 27–28).

Here, M.W.'s counsel has not filed a motion to withdraw, but has filed an *Anders* brief concluding that, after a diligent review of the record, the appeal is frivolous and without merit. *See Anders*, 386 U.S. at 744–45.

In reviewing an *Anders* brief, our duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court for the appointment of new counsel. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).

–4–

The purpose of an *Anders* brief is to satisfy the appellate court that the appointed attorney's motion to withdraw is based upon a conscientious and thorough review of the law and facts. *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). The *Anders* brief should reflect that the appointed attorney has adequately researched the case and used due diligence investigating potential error before requesting to withdraw from further representation. *In re Schulman*, 252 S.W.3d at 407. Texas courts further require an *Anders* brief to refer to anything in the record that might arguably support the appeal, with citations to the record and legal authority. *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978); *see also Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). The Court of Criminal Appeals has specifically held that an *Anders* brief has certain requirements:

> [I]n contested cases where "frivolous appeal" briefs are filed by court-appointed counsel . . . [courts] . . . should not . . . accept such briefs unless they discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, *refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court.*

*High*, 573 S.W.2d at 813 (emphasis added). If done correctly, an *Anders* brief can be more difficult and time-consuming to prepare than an ordinary appellate brief. *Banks v. State*, 341 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2009, order); *Wilson v. State*, 40 S.W.3d 192, 196 (Tex. App.—Texarkana 2001, order); *see also United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998).

When an appellate court receives an *Anders* brief from an appellant's court-appointed attorney asserting that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 511. If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d at 409; *Crowe v. State*, 595 S.W.3d 317, 320 (Tex. App.—Dallas 2020, no pet.). However, if we conclude either that appellate counsel has not adequately discharged the constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, we abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza*, 206 S.W.3d at 689; *Crowe*, 595 S.W.3d at 320.

In *Arevalos v. State*, we stated, "Of course, in order to evaluate which option to exercise, this Court must have the benefit of a brief that fully complies with the requirements of *Anders*." 606 S.W.3d 912, 916 (Tex. App.—Dallas 2020, order), *subsequent proceeding*, No. 05-19-00466-CR, 2020 WL 5087778 (Tex. App.—Dallas Aug. 28, 2020, order) (mem. op., not designated for publication), *disp. on merits*, 2021 WL 2948582 (Tex. App.—Dallas June 30, 2021, no pet.) (mem. op., not designated for publication). In *Arevalos*, we twice concluded counsel's *Anders* brief did not meet *High*'s requirements and was deficient as to form because

appellant's appointed appellate counsel did not discuss objections made at trial. *See Arevalos*, 606 S.W.3d at 916 (striking brief and reaching this conclusion after noting appellant's appointed appellate counsel did not discuss the objections made at trial by appellant's trial counsel); *Arevalos*, 2020 WL 5087778, at *4 (striking counsel's second *Anders* brief; reaching same conclusion after noting appellant's appointed appellate counsel did not discuss any objections made at trial; and stating, "Nothing in *Anders* or *High* limits [the discussion regarding objections] to only defense objections" and "[n]or should any language in our prior opinion be read as limiting appointed counsel's duty to only the defense objections.").

Similar to our conclusion in *Arevalos*, 606 S.W.3d at 916, we conclude that M.W.'s counsel's brief is deficient as to form[4] because, by failing to discuss objections made at trial, the brief fails to satisfy *High*'s requirements, which required counsel, among other things, to "refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *See High*, 573 S.W.2d at 813. Here, the record contains a total of at least seventeen objections, and the court's rulings on those objections were adverse to M.W. at least nine times, with the trial court sustaining the State's objections at least seven times and overruling M.W.'s appointed trial counsel's objections at least

---

[4] *See Arevalos*, 606 S.W.3d at 916 n.4 (explaining *Anders* briefs can exhibit deficiencies in both form and substance and giving examples of each).

twice.  As we did in *Arevalos*, we view counsel's failure to discuss the objections and rulings at trial as evidence that counsel failed to make a thorough and professional evaluation of the record.  *See Arevalos*, 606 S.W.3d at 916 (citing *Crowe*, 595 S.W.3d at 320).

We have two other concerns regarding M.W.'s counsel's current *Anders* brief. First, we note that M.W.'s counsel may have filed his current *Anders* brief without a complete record, as the reporter's transcript from the March 2, 2022 adjudication and disposition proceeding indicates the trial court admitted State's Exhibit 1, but that exhibit is not included in the reporter's transcript.[5]  An incomplete record, if in fact this record is incomplete, would certainly add to our concern about whether counsel conducted a conscientious examination of the record as required.  *See Okafor v. State*, No. 05-98-00590-CR, 1999 WL 142081, at *1 (Tex. App.—Dallas Mar. 17, 1999, order) (per curiam) (not designated for publication) ("Because counsel filed an *Anders* brief without reviewing the entire record, we must conclude that counsel failed to conduct a conscientious examination of the record as required"), *disp. on merits*, 1999 WL 1034628 (Tex. App.—Dallas Nov. 16, 1999, no pet.) (not designated for publication).  Second, while we acknowledge the current *Anders* brief reflects that M.W.'s appointed appellate counsel attempted to satisfy his responsibilities under *Kelly*, 436 S.W.3d at 318–20, by sending the necessary

---

[5] Given the description of that exhibit, it is possible, though not entirely clear, that the information admitted as State's Exhibit 1 is included as part of the clerk's record.

information "to M.W.," because this is a juvenile proceeding, we believe M.W.'s rights may be better protected if counsel sends the necessary information under *Kelly* to M.W.'s mother, in whose custody and supervision M.W. was placed under the trial court's order. *See, e.g.*, *In re K.A.E.*, 647 S.W.3d 791, 792 (Tex. App.—San Antonio 2022, no pet.) (citing *Kelly* and noting that the juvenile appellant's counsel who filed the *Anders* brief provided "appellant and his father" with copies of the brief and counsel's motion to withdraw, informing appellant of his right to review the record and file a pro se brief, and a motion for pro se access to the appellate record). Moreover, to enable this Court to better fulfill its own responsibilities under *Kelly*, 436 S.W.3d at 320–22, we encourage but do not require counsel to either file an amended docketing statement with M.W.'s mother's address or to otherwise provide this Court with M.W.'s mother's current and/or last known address.

Because we conclude M.W.'s counsel's *Anders* brief does not fully comply with the *Anders* requirements, we cannot yet address whether counsel has made a thorough and complete professional evaluation of the record. Consequently, we strike the filed *Anders* brief and order M.W.'s appointed appellate counsel to file a new brief. *See Arevalos*, 606 S.W.3d at 916. In doing so, we express no opinion as to whether there is, or is not, a potentially meritorious issue in this record; determining whether the form of an *Anders* brief is sufficient is an inquiry that is legally distinct from determining whether, in substance, counsel has correctly concluded the appeal is wholly frivolous. *See id.*, n.4.

## CONCLUSION

Accordingly, by separate order, we strike the brief filed in this case. We order appellant's counsel, within fourteen days of the date of this opinion, to either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *High*, 573 S.W.2d at 813 and *Kelly*, 436 S.W.3d at 318–20. Additionally, per Texas Rule of Appellate Procedure 34.6(d), we direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing State's Exhibit 1 within seven days of the date of this opinion or, in the alternative, direct the trial court to specify the location in the clerk's record in which the document(s) contained in State's Exhibit 1 may be found.

Any motion for an extension of time to comply with our order will be looked upon with disfavor.

/Ken Molberg/
KEN MOLBERG
JUSTICE

220556f.p05

–10–