**Opinion issued October 31, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00261-CR**

———————————

**KORI LEANNE DELCOURT, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 174th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 1660661**

**MEMORANDUM OPINION**

Kori Leanne Delcourt was found guilty after a jury trial of the state jail felony offense of injury to a child by criminal negligence and appeals the trial court's judgment finding her guilty and sentencing her to 180 days' confinement, suspended for three years' community supervision. *See* TEX. PENAL CODE § 22.04(a)(3), (g).

The trial court certified that this was not a plea-bargain case, and that Delcourt had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Delcourt timely appealed, and appellate counsel was appointed. Appellate counsel has moved to withdraw and submitted an *Anders* brief,[1] declaring there are no nonfrivolous bases for appeal. Delcourt did not file a pro se brief, and the State waived its right to respond to the *Anders* brief. We grant counsel's motion and affirm.

## *Anders* **Procedures**

When appointed counsel believes an appeal by a criminal defendant is frivolous, counsel may file both a motion to withdraw and an *Anders* brief. *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). An *Anders* brief reflects the fact that counsel has adequately researched the case before deciding to withdraw. *Id.* at 407. It sets out counsel's due diligence, informs the client, and provides a roadmap for the appellate court's review of the record. *Id.* It also assists the client by providing citations to the record if she wishes to exercise her right to file a pro se brief. *Id.* at 407–08. An *Anders* brief is appropriate only when counsel has mastered the record and the evidence and determines that there are no sustainable grounds for appeal. *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

Dist.] Mar. 11, 2010, no pet.) (mem. op., not designated for publication). If counsel finds that the appeal contains potentially meritorious grounds, counsel must file a merits brief with the court. *In re Schulman*, 252 S.W.3d at 406 n.9; *Banks*, 341 S.W.3d at 430; *see Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991).

If counsel determines that potential grounds for appeal exist but that those grounds would be frivolous, counsel must explain those grounds for appeal with citations to applicable legal authority and pertinent evidence. *In re Schulman*, 252 S.W.3d at 407; *Banks*, 341 S.W.3d at 431. Counsel should "point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). The purpose of this requirement is to convince the courts of appeals that counsel has given due consideration to any potential ground for appeal before dismissing it as frivolous. *See In re Schulman*, 252 S.W.3d at 407–09 (stating courts of appeals will not grant motion to withdraw if *Anders* brief does not show that record was carefully reviewed); *High*, 573 S.W.2d at 811 (describing importance of disclosing both legal authority and potential grounds for appeal); *Banks*, 341 S.W.3d at 431 (same).

Even when counsel believes that there are no grounds that might convince an appellate court, counsel must still file an *Anders* brief, and the *Anders* brief must direct the court of appeals to the portions of the record that could have created error but did not. *Banks*, 314 S.W.3d at 431. Counsel may not provide a mere conclusory statement that no grounds for appeal exist. *In re Schulman*, 252 S.W.3d at 406–07; *see Anders*, 386 U.S. at 742. While the courts of appeals have a supervisory role, they should not have to pour over the record to determine that counsel has completed a thorough review of the record. *Banks*, 341 S.W.3d at 431. If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d at 409.

In this *Anders* brief, counsel has discussed that this appeal is meritless and frivolous because the record contains no reversible error. Counsel specifically discussed and briefed: (1) voir dire; (2) the sufficiency of the evidence; (3) ineffective assistance of counsel; (4) the jury charge; and (5) Delcourt's punishment. Delcourt did not file a response, and the State declined to respond to the *Anders* brief.

If appellant's counsel moves to withdraw because an appeal is frivolous and fulfills the *Anders* requirements, we must independently examine the record to see if there is any arguable ground that might be raised on an appellant's behalf. *Stafford*, 813 S.W.2d at 511. When performing this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues that an appellant might raise in a pro se brief. *In re Schulman*, 252 S.W.3d at 409. Only afterward may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988).

We have scrutinized counsel's *Anders* brief, the State's waiver of its right to respond to the *Anders* brief, and the appellate record. We agree with counsel that this appeal is meritless and frivolous. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

## Conclusion

We grant counsel's motion to withdraw and affirm the trial court's judgment. Counsel must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

Sarah Beth Landau
Justice

Panel consists of Justices Kelly, Landau, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

5