# NO. 12-23-00095-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICKY ALLEN ALBRIGHT,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION AND ORDER*
*PER CURIAM*

Ricky Albright appeals his conviction for abandoning or endangering a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We abate and remand for the appointment of new counsel.

## BACKGROUND

Appellant was charged by indictment with abandoning or endangering a child, a state jail felony.[1]  Specifically, the State alleged Appellant left a child "unattended inside a vehicle causing her to overheat and causing hyperthermia, and [he] did not voluntarily deliver the child to a designated infant care provider."  Appellant pleaded "not guilty" and waived his right to a jury trial.  Ultimately, the trial court found Appellant "guilty" and sentenced him to twenty-one months confinement.  This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 22.041(c), (f) (West Supp. 2022).

Appellant's appointed counsel filed a motion to withdraw and a brief stating that this appeal is frivolous. Because counsel asserts compliance with *Anders*, we must determine whether such compliance has been achieved.

If an appellant's attorney believes his appeal is frivolous, he must withdraw from representing him. *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App.–Dallas 1995, no pet.) (citing *McCoy v. Ct. App. of Wis., Dist. 1*, 486 U.S. 429, 437, 108 S. Ct. 1895, 1901, 100 L. Ed. 2d 440 (1988); *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400). To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.[2] *Id.* (citing *McCoy*, 486 U.S. at 439, 108 S. Ct. at 1902; *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400). This brief in support of the motion to withdraw is the document now commonly called an "*Anders*" brief. *Id*.

## Counsel's Duties

Determining that an appeal is "frivolous" is not a conclusion to be reached lightly by counsel. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.–Waco 1994, pet. ref'd), *modified on other grounds*, *Wilson v. State*, 955 S.W.2d 693 (Tex. App.–Waco 1997, no pet.). As described by the United States Supreme Court, appellate counsel has the duty to "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." *McCoy*, 486 U.S. at 438, 108 S. Ct. at 1902. "In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client." *Id.*, 486 U.S. at 444, 108 S. Ct. at 1905. If the only theories that the attorney can discover after this conscientious review of the record and the law are "arguments that cannot conceivably persuade the court," then the appeal should be considered frivolous. *Id.*, 486 U.S. at 436, 108 S. Ct. at 1901. "However, we stress that any point which is 'arguable on [the] merits' is, by definition, not frivolous." *Johnson*, 885 S.W.2d at 645 (quoting *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400).

As applied in Texas, the ultimate test of an *Anders* brief is whether it contains a "professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *Id.* at 646 (quoting *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim.

---

[2] The procedural safeguards of *Anders* and its progeny apply to counsel appointed to represent an indigent appellant. They do not apply to retained attorneys. *Jeffery v. State*, 903 S.W.2d 776, 779 n.3 (Tex. App.–Dallas 1995, no pet.).

App. 1978)); *see **Stafford v. State***, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In Texas, an ***Anders*** brief need not specifically advance "arguable" issues if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities. ***In re Schulman***, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding). However, counsel must refer to anything in the record that might arguably support the appeal. *See **Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; ***Schulman***, 252 S.W.3d at 406 n.9. Further "[t]his court will not accept [***Anders***] briefs unless they discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." ***Johnson***, 885 S.W.2d at 646 (quoting ***High***, 573 S.W.2d at 813).

**Appellate Review**

To satisfy federal constitutional concerns, a court of appeals must be satisfied "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal." ***Johnson***, 885 S.W.2d at 647 (quoting ***McCoy***, 486 U.S. at 442, 108 S. Ct. at 1904). This task requires that the court examine counsel's motion to withdraw and brief for compliance with the rules set forth above. *See **id***. A lack of such compliance renders a brief deficient as to form, in which case the court should give counsel an opportunity to file an amended brief addressing the deficiencies. *See **Banks v. State***, 341 S.W.3d 428, 431-32 (Tex. App.–Houston [1st Dist.] 2009, no pet.).

If we conclude, after conducting our ***Anders*** review, that "appellate counsel has exercised professional diligence in assaying the record for error," and agree that the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. ***Meza v. State***, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006); ***Schulman***, 252 S.W.3d at 409. However, if we conclude "either that appellate counsel has not adequately discharged his constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts," we must abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. ***Meza***, 206 S.W.3d at 689.

**Discussion**

Based on our review of the record, we conclude that counsel's brief does not comply with the prerequisites of ***Anders*** and its progeny. Specifically, we cannot state that appellate counsel

"exercised professional diligence in assaying the record for error." *See id.* Counsel's brief contains several errors, including identifying Appellant by the wrong name and referencing the incorrect trial judge. When discussing the applicable statute of limitations, counsel included the wrong dates for both the alleged offense and the indictment. Furthermore, in his analysis of the sufficiency of the evidence, counsel included no factual details, applied the incorrect standard of review,[3] and failed to identify the applicable statute. Based on these errors, we cannot say that counsel conscientiously searched for potential error and, as a result of the search, legitimately concluded that the appeal is frivolous. Thus, counsel has not discharged his constitutional duty, and his brief is consequently deficient as to form. *See **Banks***, 341 S.W.3d at 431-32; ***McCoy***, 486 U.S. at 438, 108 S. Ct. at 1902. After identifying these errors, this Court struck counsel's *Anders* brief and ordered counsel to file a new brief. Counsel has not complied with that order. Therefore, we are still unable to conclude counsel discharged his constitutional duty.

## CONCLUSION

Therefore, we **grant** counsel's motion to withdraw. We **remove** this appeal from the submission docket, **abate** the appeal, and **remand** the case to the trial court. *See **In re Schulman**,* 252 S.W.3d at 409; ***Meza**,* 206 S.W.3d at 689. We order the trial court to appoint new appellate counsel to represent Appellant within ten (10) days of the date of this opinion to investigate the record and file a brief on Appellant's behalf. *See **In re Schulman***, 252 S.W.3d at 409.

Opinion delivered November 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] Counsel applied factual sufficiency, which is no longer the correct standard under ***Brooks v. State,*** 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

**NOVEMBER 8, 2023**

**NO. 12-23-00095-CR**

**RICKY ALLEN ALBRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0495-22)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, because it is the opinion of this Court that the appeal should be abated it is ORDERED, ADJUDGED, and DECREED that this appeal be *abated* and the cause *remanded* to the trial court *with instructions* to appoint new appellate counsel to represent Appellant within ten (10) days of the date of this opinion to investigate the record and file a brief on Appellant's behalf; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*